Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Rebecca Lee (SBN 293453)
**HARRIS & RUBLE**
655 North Central Avenue, 17th Floor
Glendale, California 91203
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
rlee@harrisandruble.com
*Attorneys for Plaintiffs*

*Caption continued on next page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

G. Cruz and A. Naranjo, individually and on behalf of all others similarly situated,

Plaintiffs

v.

Tarantino Wholesale Foods, Peter Tarantino, Automation Personnel Services, Inc., an Alabama Corporation, and Doe One through and including Doe Ten

Defendants.

Case No. 3:16-cv-00593-JAH-BLM
*Assigned to Hon. John A. Houston*

**NOTICE OF LODGING OF SECOND AMENDED COMPLAINT**

Date: N/A
Time: N/A
Courtroom: 13B
333 West Broadway
Suite 1380, 13th Floor
San Diego, CA 92101

# NOTICE OF LODGING

**TO THE HONORABLE COURT AND TO DEFENDANTS AND THEIR COUNSEL**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 15.1 Plaintiffs are lodging herewith their [Proposed] Second Amended Complaint in connection with the Stipulation regarding the filing of Plaintiff's Second Amended Complaint.

Attached hereto as Exhibit 1 is the [Proposed] Second Amended Complaint with revisions marked. Attached hereto as Exhibit 2 is the [Proposed] Second Amended Complaint.

DATED: June 30, 2016

Respectfully submitted,

HARRIS & RUBLE

*/s/ Alan Harris*

Alan Harris
Priya Mohan
*Attorneys for Plaintiffs*

# Exhibit 1

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Rebecca Lee (SBN 293453)
**HARRIS & RUBLE**
655 North Central Avenue, 17th Floor
Glendale, California 91203
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
rlee@harrisandruble.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. Cruz and A. Naranjo, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>Tarantino Wholesale Foods, Peter Tarantino, Automation Personnel Services, Inc., an Alabama Corporation, and Doe One through and including Doe Ten<br><br>Defendants. | Case No. 3:16-cv-00593-JAH-BLM<br>*Assigned to Hon. John A. Houston*<br><br>**SECOND AMENDED COMPLAINT**<br>*[Class and Collective Action Complaint]*<br>1. Failure to Pay Overtime and/or Minimum Wage Compensation, California Labor Code, Cal. Lab. Code §§ 510 and 1194<br>2. Failure to Provide Accurate Itemized Wage Statements, Cal. Lab. Code § 226<br>3. Failure to Pay Overtime and/or Minimum Wage Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*<br>4. Failure to Provide Adequate Meal Periods, Cal. Lab. Code § 226.7, 512<br>5. Failure to Provide Adequate Rest Periods, Cal. Lab. Code § 226.7<br>6. Continuing Wages, Cal. Lab. Code § 203<br>7. Failure to Produce Employment Records upon Request, Cal. Lab. Code § 226<br>8. Failure to Produce Employment Records upon Request, Cal. Lab. Code § 1198.5<br>9. Failure to Reimburse for Expenses, Cal. Lab. Code § 2802<br>10. Violations of §17200 *et seq.* of |

Deleted: SUPERIOR
Deleted: OF THE STATE
Deleted: ¶ FOR THE COUNTY OF SAN DIEGO¶
Deleted: 37-2015-00042650-CU-OE-CTL
Formatted Table
Deleted: *Timothy Taylor*
Deleted: FIRST
Formatted: Font: Times New Roman, 14 pt
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

the California Business and Professions Code
11. Civil Penalties pursuant to Cal. Lab. Code § 2968, *et seq.*
12. Retaliation and Wrongful Termination in Violation of Public Policy
13. Cal. Gov. Code § 12940(a) Retaliation and Wrongful Termination, Disability
14. Cal. Gov. Code § 12940(a)—Discrimination, Retaliation and Wrongful Termination, National Origin
15. Retaliation and Wrongful Termination in Violation of Cal. Lab. Code § 6310
16. Retaliation and Wrongful Termination in Violation of Cal. Lab. Code § 1102.5
**DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, and for their causes of action against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action.

2. This Court has personal jurisdiction over Defendants Peter Tarantino ("PT"), Tarantino Wholesale Foods ("TWF") and Automation Personnel Services, Inc. ("APS") (collectively "Defendants") by virtue of Defendants' transacting, doing, and soliciting business in San Diego County, as well as because a substantial part of the relevant events occurred in San Diego County.

3. As alleged more particularly below, venue is proper in the Southern District of California. Defendants operated within the State of California and does business in the Southern District. Defendants employed Plaintiffs and similarly situated employees within California. Pursuant to Rule 23 of the Federal Rules of Civil Procedure Plaintiffs bring this case individually and as a class action.

## PARTIES

4. Plaintiff G. Cruz ("Cruz") is an individual, who, during the time periods

Deleted: 1.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 2.
Formatted: Not Expanded by / Condensed by
Deleted: 3. Venue is proper in San Diego County because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County.¶
Deleted: 4.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

relevant to this Complaint, was and is a resident of the State of California.

5. Plaintiff A. Naranjo ("Naranjo") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the State of California.

6. Defendant TWF, at all times relevant herein, conducted business within the Counties of San Diego and Los Angeles, among other locations in the State of California.

7. Defendant Peter Tarantino is the owner of Defendant TWF, and at all times relevant herein, conducted business within the Counties of San Diego and Los Angeles, among other locations in the State of California.

8. Defendant APS was and is an Alabama Corporation, which at all times relevant herein, conducted business within the Counties of San Diego and Los Angeles, among other locations in the State of California.

9. Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants Does One through Ten, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiffs are informed and believes and thereupon alleges that each Defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings herein referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said Defendant's own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers, or attorneys, or in some other manner.

10. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-Defendants as aforesaid, when acting as a principal, was negligent and reckless in the selection and hiring of each and every other Defendant as an

Deleted: 5.

Deleted: 6.

Deleted: 7.

Deleted: 8.

Deleted: 9.

Deleted: Plaintiff is

Deleted: 10.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

agent, servant, employee, corporate officer, and/or joint venture, and that each and every Defendant ratified the acts of his co-Defendants.

**NATURE OF THE CASE**

11. This Complaint asserts claims against Defendants for violations of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194 and 1198.5; violations of the relevant Wage Order of the Industrial Welfare Commission; violations of section 17200 *et seq.* of the California Business and Professions Code; violations of the Fair Labor Standards Act ("FLSA"), discrimination, retaliation and wrongful termination in violation of public policy and in violation of California Government Code section 12940 and for civil penalties pursuant to section 2698 *et seq.* of the California Labor Code.

12. This action is brought as a class action on behalf of all natural persons who, at any time during the four years preceding the filing of the Complaint through the present, were or are employed by Defendants as a non-exempt hourly employee. This action is also brought as a collective action on behalf of all individuals who, at any time during the three years preceding the filing of this Complaint, were or have been employed as a non-exempt hourly employee by Defendants and who worked in TWF's production facility.

13. TWF operates a production facility in San Diego County and employees approximately 120 workers at the location.

14. At all times relevant hereto, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11010[1] required (1) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week and (2) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in a excess of eight on the seventh day of work in any one workweek. As alleged herein, in order to minimize the payment

[1] Section 11010 sets forth the relevant Industrial Welfare Commission Wage Order.

Deleted: 11.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 12.

Deleted: TWF

Deleted: 13.

Deleted: 14.

Deleted: 11070

Deleted: 11070

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

of wages, including overtime, Defendants required Plaintiffs and class members to work "off the clock," by requiring them to clock out for hours at a time while barring them from leaving the premises, when for example, USDA inspections were performed. Plaintiffs and class members did not receive any compensation for the off the clock work they were required to perform during these periods.

15. Similarly, at all times relevant hereto, the FLSA provided:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed

29 U.S.C. § 207(a)(1). Again, Defendants required Plaintiffs and class members to work "off the clock" and they did not receive any compensation for this time, including overtime.

16. At all times relevant hereto, sections 226, 1174, and 1174.5 of the California Labor Code required employers to keep records of and provide employees with itemized wage statements showing the total hours worked.

17. At all times relevant hereto, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11010, required employers to provide employees with a first meal period of not less than thirty minutes, during which the employees are to be relieved of all duty, before the employees work more than five hours per day. Sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11010, also required employers to provide a second meal period of not less than thirty minutes, during which employees are again to be relieved of all duty, before the employees work more than ten hours per day. Similarly, sections 226.7 and 512 of the California Labor Code, as well as 8

Deleted: 15.
Formatted: Font: Times New Roman, 14 pt
Deleted: 16.
Deleted: time
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 17.
Deleted: 11070
Deleted: 11070
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

California Code of Regulations section 11010, required employers to provide employees with ten-minute rest periods, during which the employees are relieved of all duty, for each four hours of work. As alleged herein, TWF and APS have intentionally and improperly failed to provide meal and rest periods to Plaintiffs and Class Members in violation of the California Labor Code and California Code of Regulations.

18. In this class action, Plaintiffs seek, for themselves and all others similarly situated, the payment of restitution and/or disgorgement of all sums wrongfully obtained by TWF in violation of section 17200 *et seq.* of the California Business and Professions Code.

**GENERAL ALLEGATIONS**

19. Defendants employed Plaintiff Adriana Naranjo from in or about September, 2013 until December, 2014. Naranjo was initially engaged by Defendant APS, a staffing company, to provide services at TWF's premises. Thereafter, Naranjo was employed directly by TWF. Plaintiff Naranjo's employment was terminated due to complaints she made regarding Defendants' violations of the Fair Labor Standards Act and California's labor laws, including their failure to provide meal and rest breaks, and pay employees for all their time worked. In addition, Plaintiff Naranjo was discriminated against in violation of California Government Code section 12940(a) due to her national origin and inability to speak English. Defendants made no accommodation for Plaintiff Naranjo and the numerous other workers employed at TWF's facility who could not speak English. Instead, TWF supervisors created a hostile work environment for these employees by screaming at them, cursing them and harassing them on a daily basis.

20. Defendants employed Plaintiff Gustavo Cruz until December, 2014. Like Plaintiff Naranjo, Cruz was initially engaged by Defendant APS, to provide services at TWF's premises. After approximately three months, Cruz was employed directly by TWF. Both Cruz and Naranjo's employment was terminated by TWF in December, 2014. Plaintiff Cruz's employment was terminated due to complaints he had made to TWF supervisors regarding the unsafe working conditions in TWF's facility and TWF's

Deleted: 11070
Deleted: has
Deleted: 18.
Deleted: 19.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 20.
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

violations of California's labor laws, including their failure to provide proper meal and rest breaks, and pay employees for all their time worked. Approximately two months before Cruz was terminated, he suffered a severe workplace injury. Defendant discriminated against Cruz for seeking medical attention for his injury and provided no accommodation to him after his injury. Plaintiff Cruz's termination was retaliatory, and resulted because of Plaintiff's workplace injury and because he made complaints to management regarding unsafe workplace conditions and unlawful treatment of employees in violation of the Fair Labor Standards Act and the California Labor Code.

21. Defendant TWF operates a foodservice and manufacturing facility in San Diego, California, where it makes sausages. According to its website, TWF products are sold at numerous retail locations, including Costco, Albertsons, Whole Foods, and other grocery outlets. TWF products are also featured at Petco Park in San Diego. Approximately 120 employees work at TWF's San Diego facility.

22. Plaintiffs and other employees were often forced to work at least ten, and often as many as fifteen, hours per day. Although Defendants knew this, Defendants failed to provide adequate meal and rest breaks. Defendants often failed to provide employees with their first meal break before the fifth hour of work. Defendants never provided a second rest break to employees, and never provided a second meal break or third rest break to Plaintiffs or any other employee, when they were required to work in excess of ten hours per day. Defendants had actual knowledge that Plaintiffs and other employees were systematically deprived of their breaks, as the company kept close track of the hours they worked by requiring employees to punch in and punch out for breaks. In addition, all employees who were working the same shift were required to take their meal breaks at the same time.

23. Plaintiffs only received a single 10 minute rest break and a thirty minute lunch break even though they generally worked 10, 12 or even fifteen hours in a day.

24. Sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11010 provide that employees in California shall

Deleted: 21.
Deleted: 22.
Deleted: TWF
Deleted: TWF
Deleted: TWF
Deleted: 23.
Deleted: 24.
Deleted: 11070
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

not be employed more than eight hours in any work day nor more than forty hours in any workweek without receiving additional compensation beyond their regular wages in amounts specified by law. Similarly, the FLSA provides that employees shall not be employed more than forty hours in one workweek without receiving additional compensation beyond their regular wages in amounts specified by law.

25. At all relevant times mentioned herein, section 510 of the California Labor Code provided:

(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half time the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employee to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensating to an employee working pursuant to any of the following

(1) An alternative workweek schedule adopted pursuant to Section 511.

(2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

(3) An alternative workweek schedule to which this chapter is inapplicable pursuant to Section 554.

(b) Time spent commuting to and from the first place at which an employee's presence is required by the employer shall not be considered to be a part of a day's work, when the employee commutes in a vehicle that is

Deleted: 25.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

owned, leased, or subsidized by the employer and is used for the purpose of ridesharing, as defined in Section 522 of the Vehicle Code.

(c) This section does not affect, change, or limit an employer's liability under the workers' compensation law.

Cal. Lab. Code §510. In regard to the employment of Plaintiffs and other employees, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 or pursuant to a collective bargaining agreement.

26. At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194.

27. At all relevant times mentioned herein, section 558 of the California Labor Code provided:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

Deleted: workers'

Deleted: 26.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 27.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

> underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558. Defendants are the employer or other person acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California Labor Code referenced herein. In addition, section 558.1 of the California Labor Code provides:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code 558.1.

28. Sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11010, provide that an employee in California must receive a first meal period of not less than thirty minutes before working more than five hours, a second period of not less than thirty minutes before working more than ten hours per day, and rest periods of ten minutes for each four hours of work. If such breaks are not provided, then the employer must pay one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided and for each work day that a rest period is not provided.

29. At all relevant times mentioned herein, section 512 of the California Labor

Formatted: Font color: Auto

Deleted: 28.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 11070

Deleted: 29.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

Code provided in pertinent part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Lab. Code § 512.

30. At all relevant times mentioned herein, section 226.7 of the California Labor Code provided:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

31. At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

Deleted: 30.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 31.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226. Defendants employed Plaintiffs and putative class members, but, in all cases, failed to provide them with the data required by section 226(a) of the California Labor Code. For example, the wage statements fail to state information concerning "the name and address of the legal entity that is the employer." Cal. Lab. Code § 226(a)(8). The wage statements list two entities, preventing the employee from determining who in fact is the actual employer without reference to additional documentation. All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and putative class members insofar as they were subjected to confusion and deprived of information to which they were legally entitled. As the wage statements failed to account for accrued but unpaid overtime and accrued but unpaid wages owing on account of Defendant's failure to provide proper meal breaks and requirement that employees perform off the clock work, the wage statements do not provide the an accurate statement of gross and net wages earned.

32. At all times relevant herein, section 210 of the California Labor Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Deleted: 32.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

Cal. Lab. Code § 210.

33. Also, sections 226, 1174, and 1174.5 of the California Labor Code, as well as 8 California Code of Regulations section 11010, provide that employers must keep employee time records and must provide employees with itemized wage statements showing actual total hours worked. Defendants failed to maintain payroll records required by the California Labor Code and IWC Wage Order 1. For example, Defendants failed to record the "[t]ime records showing when the employee begins and ends each work period." Cal.Code Regs., tit. 8, § 11010 (7)(A)(3).

34. At all relevant times mentioned herein, section 226(b)-(c) of the California Labor Code provided in pertinent part:

> (b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer. The employer may take reasonable steps to ensure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.
>
> (c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may

Deleted: 33.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 11070

Deleted: 11070

Deleted: 34.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

designate the person to whom a request under this subdivision will be made.

Cal. Lab. Code § 226 (b) – (c). On March 12, 2015 Plaintiff Cruz sent a California Labor Code section 226 request to Defendant TWF requesting copies of his employment records. Defendant TWF has failed and refused to respond to this request. On May 3, 2016, Cruz and Naranjo sent a California Labor Code section 226 demand to Defendant APS, requesting copies of their employment records. Defendant APS has failed and refused to respond properly to this request.

35. At all relevant times mentioned herein, section 1198.5 of the California Labor Code provided in pertinent part:

> (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.
>
> (b)(1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agree-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the

Deleted:

Deleted: 35.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

written request. Except as provided in paragraph (2) of subdivision (c), the employer is not required to make those personnel records or a copy thereof available at a time when the employee is actually required to render services to the employer, if the requester is the employee.

Cal. Lab. Code § 1198.5. On March 12, 2015 Cruz sent a California Labor Code section 1198.5 document request to Defendant TWF, seeking copies of his employment records. Defendant TWF has failed and refused to respond to this request.

36. Defendants' conduct of requiring additional work from Plaintiffs and Class Members in the absence of overtime pay, knowingly and intentionally failing to provide accurate itemized wage statements, failing to provide adequate meal and rest periods, and willfully failing to pay wages earned and unpaid promptly upon employees' termination or resignation violates the above-referenced provisions of California law and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices within the meaning of section 17200 et seq. of the California Business and Professions Code.

Deleted: 36.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

37. Section 201.3 of the California Labor Code states:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.

(B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

. . .

b)(1) Except as provided in paragraphs (2) to (5), inclusive, if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision.

(2) If an employee of a temporary services employer is assigned to work for a client on a day-to-day basis, that employee's wages are due and payable at the end of each day, regardless of when the assignment ends, if each of the following occurs:

(A) The employee reports to or assembles at the office of the temporary services employer or other location.

(B) The employee is dispatched to a client's worksite each day and returns to or reports to the office of the temporary services employer or other location upon completion of the assignment.

(C) The employee's work is not executive, administrative, or professional, as defined in the wage orders of the Industrial Welfare Commission, and is not clerical.

(3) If an employee of a temporary services employer is assigned to work for a client engaged in a trade dispute, that employee's wages are due and

Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

payable at the end of each day, regardless of when the assignment ends.

(4) If an employee of a temporary services employer is assigned to work for a client and is discharged by the temporary services employer or leasing employer, wages are due and payable as provided in Section 201.

(5) If an employee of a temporary services employer is assigned to work for a client and quits his or her employment with the temporary services employer, wages are due and payable as provided in Section 202.

(6) If an employee of a temporary services employer is assigned to work for a client for over 90 consecutive calendar days, this section shall not apply unless the temporary services employer pays the employee weekly in compliance with paragraph (1) of subdivision (b).

(c) A temporary services employer who violates this section shall be subject to the civil penalties provided for in Section 203, and to any other penalties available at law.

(d) Nothing in this section shall be interpreted to limit any rights or remedies otherwise available under state or federal law.

Cal. Lab. Code § 201.3.

**CLASS-ACTION ALLEGATIONS**

38. Plaintiffs bring the first, second, fourth, fifth, sixth and tenth claims for relief alleged below pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Deleted: 37. The class represented by

Formatted: Font color: Black

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent a Class consisting (hereafter referred to as the "Class") of all natural persons who were issued one or more wage statements by Defendants TWF and/or APS in California, which wage statements reflect an hourly rate and/or hours worked during the period beginning four years prior to the filing of this Complaint to the date of the filing of the Motion for Class Certification (such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period"). Plaintiffs also represent a subclass of former employees who are members of the Class (the "Former Employee Subclass").

39. Defendants, as to each Plaintiff and each Class Member, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to sections 510 and 1194 of the California Labor Code. Accordingly, each Plaintiff and Class Member is entitled to payment of his or her unpaid minimum wage, liquidated damages thereon, unpaid overtime, and interest.

40. Defendants' failure to make payments within the time provided by sections 201 or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiffs and each Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages provided for by section 203 of the California Labor Code.

41. Defendants, as to Plaintiffs and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles Plaintiffs and each Class

Formatted: Indent: First line: 0"
Deleted: consists
Deleted: employed by Defendant
Deleted: as non-exempt employees
Deleted:
Deleted: 38. Defendant TWF
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 39. Defendant's
Deleted: 40. Defendant
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

Member to either actual damages or statutory liquidated damages, whichever is greater. Employees wage statements do not accurately state the total hours worked by employees. Furthermore, the wage statement is confusing in that it lists the names and addresses of two different entities on the wage statements, making it difficult to determine who is the legal entity that is the employer. This confusion is compounded by the fact that one of the entities, "Tarantino Wholesale Foods," is also listed as a "customer" on the wage statement which is attached hereto as Exhibit 1.

42. Defendants' failure to pay wages as provided by section 226.7 of the California Labor Code and the applicable Wage Order entitles each Class Member to payment of such earned but unpaid wages owing on account of failing to provide proper meal periods and an additional hour of pay at the employee's regular rate of compensation for each work day that the proper meal periods were not provided, as well as liquidated statutory damages.

43. Defendants illegal practice of depriving Plaintiffs and Class Members of their statutorily required rest breaks has damaged them. Defendant's failure to pay wages as provided by section 226.7 of the California Labor Code and the applicable Wage Order entitles each Class Member to payment of such earned but unpaid wages owing on account of failing to provide proper rest periods and an additional hour of pay at the employee's regular rate of compensation for each work day that the proper rest periods were not provided, as well as liquidated statutory damages.

44. Defendants practice of failing to maintain accurate payroll and time-keeping records has damaged Plaintiff and Class Members, in that they are unable to determine from the wage statements alone the actual wages to which they are legally entitled.

45. The number of Class Members is great, believed to be in excess of 100 persons, but less than 1,000, so as to make the class unmanageable. It therefore is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this

Deleted: 41. TWF's

Deleted: 42. Defendant's

Deleted: 43. Defendant's

Deleted: 44.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

litigation. The number of Former Employee Subclass Members is believed to be in excess of 40, but fewer than 900 persons.

46. Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

47. There is a well-defined community of interest in the questions of law and fact common to the Class. The key questions are the same for each Class Member. These common questions include, but are not limited to, the following:

a. Whether TWF and/or APS failed to provide accurate itemized wage statements to each and every employee.

b. Whether TWF and/or APS failed to provide employees with proper meal periods.

c. Whether TWF and/or APS failed to provide employees with proper rest periods.

d. Whether TWF and/or APS failed to provide a one-hour wage premium in those instances when employees were not provided with a meal period.

e. Whether TWF and/or APS failed to provide a one-hour wage premium in those instances when employees were not provided with a rest period.

f. Whether TWF and/or APS failed to maintain accurate time-keeping and payroll records.

g. Whether TWF's failure to provide accurate itemized wage statements to each and every employee violates sections 226.

h. Whether TWF and/or APS failed to pay all wages in a timely fashion upon each and every employee's discharge from, or resignation of, employment in violation of sections 201 and/or 202 of the California Labor Code.

Deleted: 45.

Deleted: 46.

Deleted: TWF's

Formatted: Expanded by 0.2 pt

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

i. Whether TWF and/or APS failed to pay overtime in a timely fashion under California Labor Code section 204.

j. Whether TWF and/or APS failed to pay minimum wage under California Labor Code section 1194(a).

k. Whether TWF and/or APS failed to pay proper minimum wages and/or overtime wages under California Labor Code sections 510 and 1194.

48. There is a well-defined community of interest in the questions of law and fact common to the Class Members.

49. Plaintiffs' claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the California Labor Code and applicable Wage Order. Plaintiffs have no conflict of interest with the other Class Members and are able to represent the Class Members' interests fairly and adequately.

50. A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons. First, the persons within the Class are numerous and joinder of all of them is impractical. Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court. In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of several hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court. Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel

Formatted: Expanded by 0.2 pt
Formatted: Expanded by 0.2 pt
Deleted: 47.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 48.
Deleted: TWF
Deleted: 49.
Deleted: Class
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

51. The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

**FLSA COLLECTIVE-ACTION ALLEGATIONS**

52. Plaintiffs seek to represent all natural persons who, at any time during the period from three years prior to the filing of this Complaint to the present, were issued one or more wage statements by Defendants TWF and/or APS in California, which wage statements reflect an hourly rate and/or hours worked. .

53. Plaintiffs are similarly situated to the Collective-Action Members in that Plaintiff and the Collective-Action Members were employed by Defendants and in that Defendants did not pay Plaintiffs and the Collective-Action Members their overtime and/or minimum wages when due.

54. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

55. All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

**FIRST CLAIM FOR RELIEF**

(Cal. Lab. Code §§ 1194, 1194.2 and 1198 and IWC Wage Order 1,

Failure to Pay Overtime and/or Minimum Wages)

(On Behalf of Plaintiffs and Class Against TWF and APS)

56. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

57. Defendants TWF and APS, regularly required employees to clock out but remain on the premises, ready to perform work. For example, on occasion there were

Deleted: 50.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: Defendant TWF
Deleted: 51.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: employed
Deleted: as non-exempt employees
Deleted: 52. Plaintiff is
Deleted: 53.
Deleted: 54.
Deleted: 55.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 56. Defendant
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

machine failures that held up production. During these occasions when employees could not continue to perform their regular work, TWF supervisors would require employees to clock out while they waited for the machinery to be repaired, even though the employees were not permitted to leave the premises. Only when the machinery was repaired, employees would be required to clock back in to work. Similarly, while USDA inspections were taking place, employees were again required to clock out while inspections were conducted. Although employees were required to clock out, they were not permitted to leave the premises, pending completion of the USDA inspections. Employees were regularly made to wait on the premises for two or three hours before being required to clock back in to resume active sausage production. Plaintiffs and class members regularly worked in excess of eight hours in a day and forty hours in a week. Plaintiffs and class members should be compensated for this "off the clock" time.

58. By requiring Plaintiffs and the Class to clock out and work off the clock, Defendants TWF and APS have violated sections 510, 1194, and 1198 of the California Labor Code and IWC Wage Order 1.

59. Plaintiffs and the Class are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime and/or minimum wages, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

60. Plaintiffs and the Class are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

## SECOND CLAIM FOR RELIEF

(Failure to Provide Accurate Itemized Wage Statements—Cal. Lab. Code § 226)

(On Behalf of Plaintiffs and Class Against TWF)

61. The paragraphs of this Complaint are re-alleged and incorporated by reference.

62. Defendant TWF failed to timely provide Plaintiffs and the other members of the Class with wage statements conforming to the requirements of section 226(a) of the

Deleted: 57.
Deleted: Defendant
Deleted: has
Deleted: 58.
Deleted: 59.
Deleted: 60.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 61.
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

California Labor Code. For example, TWF never provided Plaintiffs and other members of the Class with a proper wage statement identifying the "the name and address of the legal entity that is the employer" as required by section 226 of the California Labor Code. This matter is quite confusing, since while two entity names appear on the wage statement, nothing on the document indicates which one is the actual employer. In addition, the wage statements routinely understated actual earnings.

63. The failure of TWF to provide proper wage statements violates section 226(a) of the California Labor Code insofar as the Class Members have not received data that accurately sets forth the information delineated in section 226(a) with respect to the "the name and address of the legal entity that is the employer." The failure to identify the name and address of the employer or other required data such as gross and net wages earned, caused Plaintiffs and other members of the putative class injury by depriving them of information to which they are legally entitled. Attached hereto as **Exhibit 1** are exemplar wage statements given to Plaintiffs.

64. Accordingly, Plaintiffs as well as members of the Class are entitled to damages in the amount of at least $50, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e).

## THIRD CLAIM FOR RELIEF

(Failure to Pay Overtime and/or Minimum Wage Compensation, Fair Labor Standards Act)

(On behalf of Plaintiffs and Collective Action Members Against All Defendants)

65. The paragraphs of this Complaint are re-alleged and incorporated by reference.

66. Again, at all times herein relevant, the FLSA provided:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of

Deleted: 62.

Deleted: 63.

Deleted: 64.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 65.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

67. Defendants have intentionally and improperly failed to pay Plaintiffs and Collective Action Members minimum wage and/or overtime compensation to which they are entitled.

68. During their employment with Defendants, Plaintiffs and Collective Action Members were not paid for all of their time worked.

69. Accordingly, Plaintiffs, individually, and on behalf of all others similarly situated, request payment of minimum wages and/or overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b). Attached hereto as **Exhibit 2** are Plaintiffs' FLSA Consent Forms.

## **FOURTH CLAIM FOR RELIEF**

(Failure to Provide Adequate Meal Periods, Cal. Lab. Code §§ 226.7, 512 and IWC Wage Order 1)

(On Behalf of Plaintiffs and the Class Against Defendants TWF and APS)

70. The paragraphs of this Complaint are re-alleged and incorporated by reference.

71. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11010 provided that employees must receive a first meal period of not less than thirty minutes before working more than five hours per day and a second meal period of not less than thirty minutes before working more than ten hours per day.

72. Because Defendants TWF and APS failed to provide the required meal breaks to Plaintiffs and other Class Members, it is liable to them for one hour of additional pay at the regular rate of compensation for each workday that the proper meal

Deleted: 66.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 67.

Deleted: 68.

Deleted: Defendant

Deleted: 69.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 70.

Deleted: 11070

Deleted: 71.

Deleted: Defendant

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11010.

73. Plaintiffs and the Class Members also request relief as described below.

**FIFTH CLAIM FOR RELIEF**

(Failure to Provide Adequate Rest Periods, Cal. Lab. Code § 226.7, IWC Wage Order 1)

(Only on Behalf Plaintiffs and Class Members against Defendants TWF and APS)

74. The paragraphs of this Complaint are re-alleged and incorporated by reference.

75. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11010 provided that employees must receive rest periods of ten minutes for each four hours of work.

76. Because Defendants TWF and APS failed to provide the required rest breaks, it is liable to Plaintiffs and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11010, for the period of time from the three years prior to the filing of the Complaint to date.

77. Plaintiff and the Class Members also request relief as described below.

**SIXTH CLAIM FOR RELIEF**

(Continuing Wages, Cal. Lab. Code § 203)

(On behalf of Plaintiffs and Class Members against Defendants TWF and APS)

78. The paragraphs of this Complaint are re-alleged and incorporated by reference.

79. At all times herein relevant, Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation. Labor Code section 201.3 provides that a "temporary services employer" must pay wages in accordance with sections 201 and 202 of the Labor Code, and is liable for penalties in accordance with section 203 of the Labor Code.

Deleted: 11070
Deleted: 72.
Deleted: ¶
Deleted: Defendant
Deleted: 73.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 74.
Deleted: 11070
Deleted: 75.
Deleted: Defendant
Deleted: 11070
Deleted: 76.
Deleted: Defendant
Deleted: 77.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 78.
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

80. Because Defendants TWF and APS have willfully failed to pay wages earned and unpaid promptly upon termination or resignation, Costco is liable for continuing wages under Labor Code section 203 for the period of time from the three years prior to the filing of the Complaint to date.

81. Plaintiffs and the Class Members also request relief as described below.

**SEVENTH CLAIM FOR RELIEF**

(Failure to Provide Employment Records Upon Request Cal. Lab. Code §226)

(On Behalf of Plaintiffs individually against Defendants TWF and APS)

82. Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

83. Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

84. On or about March 12, 2015 Plaintiff Cruz requested that Defendant TWF permit inspection or copying of his employment records pursuant to Labor Code section 226(b). A true and correct copy of this letter is **Exhibit 3**. On May 3, 2016, Plaintiffs Cruz and Naranjo requested that Defendant APS permit inspection or copying of his employment records pursuant to Labor Code section 226(b). Defendants have failed to provide Plaintiffs with an adequate opportunity to inspect or copy their employment records within 21 days of the request.

85. Pursuant to Labor Code Section 226(f)-(h), Plaintiffs are entitled, and hereby seeks to recover from Defendants TWF and APS a seven-hundred-fifty dollar ($750) penalty, reasonable attorneys' fees, and the costs of bringing this cause of action.

**EIGHTH CLAIM FOR RELIEF**

(Failure to Provide Employment Records Upon Request Cal. Lab. Code §1198.5)

(On Behalf of Plaintiff Cruz individually against Defendant TWF)

86. Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

Deleted: 79.
Deleted: Defendant
Deleted: has
Deleted: TWF
Deleted: 80.
Deleted: CAUSE OF ACTION
Deleted: Plaintiff Gustavo Cruz
Deleted: Defendant
Deleted: 81.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 82.
Deleted: 83.
Deleted: Defendants
Deleted: her
Deleted: Plaintiff
Deleted: his
Deleted: 84.
Deleted: ) and (6), Plaintiff is
Deleted: Defendant
Deleted: CAUSE OF ACTION
Deleted: Gustavo
Deleted: 85.
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

87. Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

88. On or about March 12, 2015 Plaintiff Cruz requested that Defendant TWF permit inspection or copying of his employment records pursuant to Labor Code section 1198.5. A true and correct copy of this letter is **Exhibit 4**. Defendant has failed to provide Plaintiff with an opportunity to inspect or copy his employment records within 30 days of the request. Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendants TWF a seven-hundred-fifty dollar ($750) penalty, reasonable attorneys' fees, and the costs of bringing this cause of action.

**NINTH CLAIM FOR RELIEF**

(Cal. Lab. Code § 2802— Indemnification and Reimbursement of Expenditures)

(On Behalf of Plaintiff Gustavo Cruz individually Against Defendant TWF)

89. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

90. At all relevant times herein, California Labor Code section 2802 provided, in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
>
> (b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Deleted: 86.
Deleted: 87.
Deleted: Defendants
Deleted: Defendants have
Deleted: Defendant
Deleted: CAUSE OF ACTION
Deleted: 88. Plaintiffs reallege
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, …+ Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: incorporate
Deleted: 89.
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

Cal. Lab. Code § 2802.

91. In the discharge of his duties, Defendant TWF required Plaintiff Cruz to purchase tools and safety equipment. Plaintiff Cruz provided and maintained this equipment personally and was not reimbursed for his necessary out-of-pocket expenses.

92. Pursuant to section 2802 of the California Labor Code, Plaintiff Cruz is entitled to reimbursement of his out-of-pocket expenses from Defendant TWF, interest thereon, attorneys' fees and costs, according to proof.

**TENTH CLAIM FOR RELIEF**

(Violations of Section 17200 *et seq.* of the California Business and Professions Code)

(On behalf of Plaintiffs and Class Members against Defendants TWF and APS)

93. The paragraphs of this Complaint are re-alleged and incorporated by reference.

94. Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs allege that Defendants TWF and APS have engaged in unfair business practices in California by the above-described failure to provide rest breaks, failure to provide meal breaks, failure to pay proper overtime and minimum wage compensation and failure to furnish accurate itemized wage statements.

95. Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiffs and members of the Class.

96. Defendants have avoided payment of wages, overtime wages, meal period wages, and rest period wages and other benefits required by the California Labor Code and the applicable IWC Wage Order.

97. As a result of Defendant's unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiffs and the Class Members and members of the public. Defendants



Formatted: Not Expanded by / Condensed by
Deleted: 90.
Formatted: Not Expanded by / Condensed by
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Formatted: Not Expanded by / Condensed by
Deleted: 91.
Formatted: Not Expanded by / Condensed by
Deleted: CAUSE OF ACTION
Deleted: Defendant
Deleted: 92.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 93.
Deleted: Defendant
Deleted: has
Deleted: 94. TWF's
Deleted: 95. Defendant TWF has
Deleted: 96.
Deleted: Defendant TWF's
Deleted: Defendant has
Deleted: Defendant TWF
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

should be made to disgorge its ill-gotten gains and to restore them to Plaintiffs and the Class Members.

98. Defendants' actions entitle Plaintiffs and Class Members to seek the remedies available under section 17200 *et seq*. Plaintiffs seek full restitution of said amounts from TWF and APS, as necessary and according to proof, to restore any and all amounts – including interest – withheld, acquired, or converted by TWF and APS by means of the unfair practices complained of herein. Plaintiffs, on behalf of themselves and other similarly situated employees, as well as on behalf of the general public, further seeks attorneys' fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiffs seek the appointment of a receiver as necessary.

99. Plaintiffs and the Class Members also request relief as described below.

**ELEVENTH CLAIM FOR RELIEF**

California Labor Code § 2698 et seq. Civil Penalties

(On Behalf of Plaintiff Adriana Naranjo, the LWDA and aggrieved employees of Defendant TWF against Defendant TWF)

100. Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

101. Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately December 18, 2015 Plaintiff Naranjo gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the theories set forth in the Complaint. Also on that day, Plaintiff Naranjo gave written notice by certified mail to Peter Tarantino and TWF of the specific provisions of the Labor Code alleged to have been violated by Peter Tarantino and TWF.

102. At all relevant times herein, California Labor Code section 2699.3(a)(2)(A) provided:



Deleted: 97. TWF's

Deleted: 98.

Deleted: 99.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 100.

Deleted: 101.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699(a)(2)(A). More than thirty-three days have passed since Plaintiff gave written notice to the LWDA and Defendants Peter Tarantino and TWF of the specific provisions of the California Labor Code that have been violated. Accordingly, Plaintiff "may as a matter of right amend [the] existing [C]omplaint to add a cause of action arising under [the Labor Code Private Attorney General Act ("LCPAGA")]." Cal. Lab. Code § 2699.3(a)(2)(C). The LCPAGA establishes civil penalties for violations of the Labor Code, including the violations alleged in this Complaint.

103. Plaintiff contends that sections 201, 203, 210, 226, 510, 512, 558, 558.1, 1174, 1194, and 1197.1 of the Labor Code will enable her to recover civil penalties under the LCPAGA, as well as attorney's fees and costs, from Peter Tarantino and TWF through a civil action on behalf of herself and other aggrieved employees.

**TWELFTH CLAIM FOR RELIEF**

(Retaliation and Wrongful Termination in Violation of Public Policy—on behalf of Plaintiffs Gustavo Cruz and Adriana Naranjo individually against Defendant TWF)

104. The paragraphs of this Complaint are re-alleged and incorporated by reference.

105. Under California law, there is a fundamental and well-established public policy against retaliation for opposing unlawful activities, including, but not limited to, reporting workplace safety hazards and labor violations. This fundamental public policy is embodied in the California Constitution and California statutory law, including, but not limited to, California Labor Code section 98.6, 6310 and 1102.5. Adverse employment

Deleted: 102.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 103.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 109.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

actions taken by an employer in response to such activity are contrary to such public policy and are thus actionable under the common law of California.

106. At all times herein mentioned, California Government Code section 12940 was also in full force and effect and was binding on Defendant TWF. The statute requires TWF to refrain from discriminating against any employee on the basis of a disability, such as Plaintiff Cruz's disability caused from a workplace injury. Plaintiff had previously notified TWF of his disability and Plaintiff believes, and on that basis alleges that his disability was a motivating factor in TWF's retaliatory treatment and constructive termination of his employment. California Government Code section 12940 also requires TWF to refrain from discriminating against any employee on the basis of his or her national origin, including English language use restrictions. Plaintiff Naranjo and other employees who worked for TWF were wrongfully discriminated against due to their national origin and their inability to speak English. Naranjo and these employees were subjected to a hostile work environment, where their supervisors would frequently scream and curse at them. Plaintiff Naranjo was discriminated against and harassed due to her national origin, including her inability to speak English. Naranjo was also retaliated against and terminated from her employment due to complaints she made to TWF management regarding the supervisors' mistreatment of workers at the TWF facility, including their refusal to permit employees to take meal and rest breaks and their requirement that employees work off the clock.

107. As set forth above, TWF retaliated against Plaintiffs, and discriminated against Plaintiffs, by harassing and retaliating against them, and terminating their employment. In terminating Plaintiffs, TWF violated the fundamental public policies embodied in California Labor Code section 98.6, 6310 and 1102.5 and California Government Code section 12940.

108. As a proximate result of TWF's wrongful conduct, Plaintiffs have suffered and continue to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

Deleted: 110.

Deleted: 111.

Deleted: 112.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

109. As a further proximate result of Defendant TWF's wrongful conduct, Plaintiffs have suffered, and continue to suffer, humiliation, embarrassment, emotional distress, mental anguish, loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

110. In doing the acts herein alleged, Defendant TWF acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiffs, and Plaintiffs are therefore entitled to punitive damages against Defendant TWF in an amount according to proof at trial.

**THIRTEENTH CLAIM FOR RELIEF**

(Retaliation and Wrongful termination-Disability, Cal. Gov. Code § 12940(a))

(On behalf of Plaintiff Gustavo Cruz against Defendant TWF)

111. The paragraphs of this Complaint are re-alleged and incorporated by reference.

112. At all times herein, California Government Code section 12940(a), (i), (m) and (n), was in full force and effect and was binding on Defendant TWF. This statute requires Defendant TWF to refrain from discriminating against any employee on the basis of, *inter alia*, a physical disability. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements and received a right-to-sue letter. A copy of the Right to Sue letter is attached hereto as **Exhibit 5**.

113. Plaintiff believes and on that basis alleges that his disabilities were a motivating factor in Defendant's termination of his employment.

114. As a proximate result of Defendant's willful, knowing and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

115. As a direct and proximate result of the Defendant TWF's retaliatory conduct, Plaintiff has suffered and continues to suffer, humiliation, embarrassment, emotional distress and mental anguish, loss of employment and attendant earnings and

Deleted: 113.
Deleted: 114.
Formatted: Font: Not Bold
Deleted: 115.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 116.
Deleted: 117.
Deleted: 118.
Deleted: 119.
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

job benefits, all in an amount to be determined according to proof at the time of trial. In doing the acts herein alleged, TWF acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages against TWF in an amount according to proof at trial.

**FOURTEENTH CLAIM FOR RELIEF**

(Retaliation and Wrongful termination-National Origin, Cal. Gov. Code § 12940(a))

(On behalf of Plaintiff Adriana Naranjo against Defendant TWF)

116. The paragraphs of this Complaint are re-alleged and incorporated by reference.

117. At all times herein, California Government Code section 12940(a), (i), (m) and (n), was in full force and effect and was binding on Defendant TWF. This statute requires Defendant TWF to refrain from discriminating against any employee on the basis of, *inter alia*, national origin. Within the time provided by law, Plaintiff Naranjo filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements and received a right-to-sue letter. A copy of the Right to Sue letter is attached hereto as **Exhibit 6**.

118. Plaintiff Naranjo believes and on that basis alleges that her National Origin, including her inability to speak English was a motivating factor in TWF's harassing and discriminatory conduct, including the termination of her employment.

119. As a proximate result of TWF's willful, knowing and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

120. As a direct and proximate result of TWF's retaliatory conduct, Plaintiff has suffered and continues to suffer, humiliation, embarrassment, emotional distress and mental anguish, loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

121. In doing the acts herein alleged, TWF acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to

Deleted: 120.
Formatted: Font: Not Bold
Deleted: 121.
Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"
Deleted: 122.
Deleted: 117.
Deleted: 118.
Deleted: 119.
Deleted: 120.
Formatted Table
Deleted: FIRST
Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

punitive damages against TWF in an amount according to proof at trial.

**FIFTEENTH CLAIM FOR RELIEF**

(Retaliation and Wrongful termination in Violation of Cal. Lab. Code § 1102.5)

(On behalf of Plaintiffs Gustavo Cruz and Adriana Naranjo against Defendant TWF)

122. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in this Complaint.

123. At all times herein mentioned, Cal. Lab. Code §1102.5 was in full force and effect and was binding on Defendant TWF. In pertinent part, Cal. Lab. Code §1102.5 states:

> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.
>
> . . .
>
> (f) In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

Cal. Lab. Code §§ 1102.5(b) and (f).

124. On numerous occasions during their employment, Plaintiffs reported safety and labor violations to Defendants via their immediate supervisors and upper management. Plaintiffs' reports concerned unsafe workplace conditions as well as



Formatted: Font: Not Bold

Deleted: 121.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 122.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 123.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

TWC's failure to provide meal and rest breaks to employees and other labor code violations. Plaintiffs reported these issues to Defendant TWF as they were serious issues of workplace safety, in violation of law, and state and federal regulations governing safety in the workplace. Plaintiffs believe, and on that basis allege that their reports of these issues were the motivating factor in TWF's release of the Plaintiffs from their employment. Shortly after Plaintiffs reported certain safety and labor code violations to Defendant TWF, their employment was terminated.

125. As set forth herein, Defendant TWF violated Cal. Lab. Code §1102.5(b) by retaliated against Plaintiffs and releasing them from their employment because they reported safety and labor code violations.

126. As a proximate result of TWF's wrongful conduct, Plaintiffs have suffered and continue to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

127. As a further proximate result of TWF's wrongful conduct, Plaintiff has suffered, and continued to suffer loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

## SIXTEENTH CLAIM FOR RELIEF

(Retaliation and Wrongful termination in Violation of Cal. Lab. Code § 6310)

(On behalf of Plaintiffs Gustavo Cruz and Adriana Naranjo against Defendant TWF)

128. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in this Complaint.

129. At all times herein mentioned, Cal. Lab. Code §6310 was in full force and effect and was binding on Defendant TWF. In pertinent part, Cal. Lab. Code §6310 states:

> (a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:
>
> (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with

Deleted: 124.

Deleted: 125.

Deleted: 126.

Formatted: Font: Not Bold

Deleted: 127.

Formatted: List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 128.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

reference to employee safety or health, his or her employer, or his or her representative.

. . .

(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment, or has participated in an employer-employee occupational health and safety committee, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor.

Cal. Lab. Code § 6310(a) and (b).

130. On multiple occasions during his employment, Plaintiffs reported safety and Labor Code violations to Defendants via their immediate supervisors and upper management. Plaintiffs reported these issues to Defendants as they were serious issues of workplace safety, in violation of law, and state and federal regulations governing safety in the workplace. Plaintiffs believe, and on that basis allege that their reports of these issues were the motivating factor in TWC's release of the Plaintiffs from their employment. Shortly after Plaintiffs reported certain safety and labor code violations to Defendants, their employment was terminated.

131. As set forth herein, Defendant TWF violated Cal. Lab. Code § 6310 by

Formatted: Font: 14 pt

Deleted: 129.

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0"

Deleted: 130.

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

retaliating against Plaintiffs and releasing them from their employment because they reported safety and labor code violations.

132. As a proximate result of TWF's wrongful conduct, Plaintiffs have suffered and continue to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

Deleted: 131.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for judgment as follows:

1. That the Court certify both the Class and Subclass described in this Complaint.

2. That the Court certify the Collective Action described in this Complaint.

3. With respect to the first cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for unpaid overtime, minimum wages, interest thereon, reasonable attorney's fees, and costs, all according to proof, for the period of time from four years prior to the filing of the Complaint to date.

4. With respect to the second cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the Complaint to date.

5. That, with respect to the third cause of action, Plaintiffs and Collective Action Members be awarded their unpaid minimum wage and/or overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against all Defendants.

6. That, with respect to the fourth cause of action, Plaintiffs and Class Members be awarded an additional hour of pay for each workday for which a proper meal period was not properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code sections 226.7 and 512.

7. That, with respect to the fifth cause of action, Plaintiffs and Class Members be awarded an additional hour of pay for each workday for which a rest period was not

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7.

8. That, with respect to the sixth cause of action, Plaintiffs and Class Members be awarded thirty days continuing wages pursuant to California Labor Code section 203.

9. That, with respect to the seventh cause of action, it be adjudged that Plaintiffs be awarded the statutory penalties provided by Labor Code section 226(b) in the amount of $750 and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendants.

10. That, with respect to the eighth cause of action, it be adjudged that Plaintiff Cruz be awarded the statutory penalties provided by Labor Code section 1198.5 in the amount of $750 and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1198.5, against Defendant TWF.

11. That, under the ninth cause of action, it be adjudged Plaintiff Cruz be awarded reimbursement of his expenses and interest, and attorneys' fees and costs, according to proof, pursuant to section 2802 of the California Labor Code, against Defendant TWF.

12. That, under the tenth cause of action, Defendants be ordered to pay restitution of sums to Plaintiffs and Class Members withheld in violation of section 17200 *et seq.*, of the California Business and Professions Code in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint to date.

13. That, under the eleventh cause of action, that judgment be entered in favor of Plaintiff Naranjo and other aggrieved employees and an award of civil penalties, attorney's fees and costs of suit be made, all according to proof, pursuant to section 2699(g) of the California Labor Code.

14. That, under the twelfth cause of action, Plaintiffs be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

15. That, under the thirteenth cause of action, Plaintiff Cruz be awarded

Deleted: Plaintiff Cruz

Deleted: Defendant TWF

Deleted: Defendant TWF

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

16. That, under the fourteenth cause of action, Plaintiff Naranjo be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

17. With respect to the fifteenth cause of action, that the Court award Plaintiffs damages, civil penalties in the amount of $10,000, and attorney's fees and costs, according to proof, pursuant to law against Defendant TWF.

18. That, under the sixteenth cause of action, Plaintiffs be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

19. For such other and further relief as this Court may deem fit and proper, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the Labor Code, as well as pursuant to section 1021.5 of the Code of Civil Procedure.

Plaintiffs request a trial by jury as to all claims for relief.

DATED: June 30, 2016 HARRIS & RUBLE

/s/ Alan Harris
Alan Harris
Priya Mohan
Rebecca Lee
*Attorneys for Plaintiffs*

Deleted: January 22

Deleted: ______________________________¶

Formatted Table

Deleted: FIRST

Formatted: Tab stops: 2.92", Left + Not at 3" + 6.5"

# Exhibit 2

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Rebecca Lee (SBN 293453)
**HARRIS & RUBLE**
655 North Central Avenue, 17th Floor
Glendale, California 91203
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
rlee@harrisandruble.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

G. Cruz and A. Naranjo, individually and on behalf of all others similarly situated,

Plaintiffs

v.

Tarantino Wholesale Foods, Peter Tarantino, Automation Personnel Services, Inc., an Alabama Corporation, and Doe One through and including Doe Ten

Defendants.

Case No. 3:16-cv-00593-JAH-BLM
*Assigned to Hon. John A. Houston*

**SECOND AMENDED COMPLAINT**
*[Class and Collective Action Complaint]*
1. Failure to Pay Overtime and/or Minimum Wage Compensation, California Labor Code, Cal. Lab. Code §§ 510 and 1194
2. Failure to Provide Accurate Itemized Wage Statements, Cal. Lab. Code § 226
3. Failure to Pay Overtime and/or Minimum Wage Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
4. Failure to Provide Adequate Meal Periods, Cal. Lab. Code § 226.7, 512
5. Failure to Provide Adequate Rest Periods, Cal. Lab. Code § 226.7
6. Continuing Wages, Cal. Lab. Code § 203
7. Failure to Produce Employment Records upon Request, Cal. Lab. Code § 226
8. Failure to Produce Employment Records upon Request, Cal. Lab. Code § 1198.5
9. Failure to Reimburse for Expenses, Cal. Lab. Code § 2802
10. Violations of §17200 *et seq.* of

the California Business and Professions Code
11. Civil Penalties pursuant to Cal. Lab. Code § 2968, *et seq.*
12. Retaliation and Wrongful Termination in Violation of Public Policy
13. Cal. Gov. Code § 12940(a) Retaliation and Wrongful Termination, Disability
14. Cal. Gov. Code § 12940(a)—Discrimination, Retaliation and Wrongful Termination, National Origin
15. Retaliation and Wrongful Termination in Violation of Cal. Lab. Code § 6310
16. Retaliation and Wrongful Termination in Violation of Cal. Lab. Code § 1102.5
**DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, and for their causes of action against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action.

2. This Court has personal jurisdiction over Defendants Peter Tarantino ("PT"), Tarantino Wholesale Foods ("TWF") and Automation Personnel Services, Inc. ("APS") (collectively "Defendants") by virtue of Defendants' transacting, doing, and soliciting business in San Diego County, as well as because a substantial part of the relevant events occurred in San Diego County.

3. As alleged more particularly below, venue is proper in the Southern District of California. Defendants operated within the State of California and does business in the Southern District. Defendants employed Plaintiffs and similarly situated employees within California. Pursuant to Rule 23 of the Federal Rules of Civil Procedure Plaintiffs bring this case individually and as a class action.

## PARTIES

4. Plaintiff G. Cruz ("Cruz") is an individual, who, during the time periods

relevant to this Complaint, was and is a resident of the State of California.

5. Plaintiff A. Naranjo ("Naranjo") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the State of California.

6. Defendant TWF, at all times relevant herein, conducted business within the Counties of San Diego and Los Angeles, among other locations in the State of California.

7. Defendant Peter Tarantino is the owner of Defendant TWF, and at all times relevant herein, conducted business within the Counties of San Diego and Los Angeles, among other locations in the State of California.

8. Defendant APS was and is an Alabama Corporation, which at all times relevant herein, conducted business within the Counties of San Diego and Los Angeles, among other locations in the State of California.

9. Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants Does One through Ten, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiffs are informed and believes and thereupon alleges that each Defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings herein referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said Defendant's own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers, or attorneys, or in some other manner.

10. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-Defendants as aforesaid, when acting as a principal, was negligent and reckless in the selection and hiring of each and every other Defendant as an

agent, servant, employee, corporate officer, and/or joint venture, and that each and every Defendant ratified the acts of his co-Defendants.

## NATURE OF THE CASE

11. This Complaint asserts claims against Defendants for violations of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194 and 1198.5; violations of the relevant Wage Order of the Industrial Welfare Commission; violations of section 17200 *et seq.* of the California Business and Professions Code; violations of the Fair Labor Standards Act ("FLSA"), discrimination, retaliation and wrongful termination in violation of public policy and in violation of California Government Code section 12940 and for civil penalties pursuant to section 2698 *et seq.* of the California Labor Code.

12. This action is brought as a class action on behalf of all natural persons who, at any time during the four years preceding the filing of the Complaint through the present, were or are employed by Defendants as a non-exempt hourly employee. This action is also brought as a collective action on behalf of all individuals who, at any time during the three years preceding the filing of this Complaint, were or have been employed as a non-exempt hourly employee by Defendants and who worked in TWF's production facility.

13. TWF operates a production facility in San Diego County and employees approximately 120 workers at the location.

14. At all times relevant hereto, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11010[1] required (1) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week and (2) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in a excess of eight on the seventh day of work in any one workweek. As alleged herein, in order to minimize the payment

[1] Section 11010 sets forth the relevant Industrial Welfare Commission Wage Order.

of wages, including overtime, Defendants required Plaintiffs and class members to work "off the clock," by requiring them to clock out for hours at a time while barring them from leaving the premises, when for example, USDA inspections were performed. Plaintiffs and class members did not receive any compensation for the off the clock work they were required to perform during these periods.

15. Similarly, at all times relevant hereto, the FLSA provided:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed

29 U.S.C. § 207(a)(1). Again, Defendants required Plaintiffs and class members to work "off the clock" and they did not receive any compensation for this time, including overtime.

16. At all times relevant hereto, sections 226, 1174, and 1174.5 of the California Labor Code required employers to keep records of and provide employees with itemized wage statements showing the total hours worked.

17. At all times relevant hereto, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11010, required employers to provide employees with a first meal period of not less than thirty minutes, during which the employees are to be relieved of all duty, before the employees work more than five hours per day. Sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11010, also required employers to provide a second meal period of not less than thirty minutes, during which employees are again to be relieved of all duty, before the employees work more than ten hours per day. Similarly, sections 226.7 and 512 of the California Labor Code, as well as 8

California Code of Regulations section 11010, required employers to provide employees with ten-minute rest periods, during which the employees are relieved of all duty, for each four hours of work. As alleged herein, TWF and APS have intentionally and improperly failed to provide meal and rest periods to Plaintiffs and Class Members in violation of the California Labor Code and California Code of Regulations.

18. In this class action, Plaintiffs seek, for themselves and all others similarly situated, the payment of restitution and/or disgorgement of all sums wrongfully obtained by TWF in violation of section 17200 *et seq.* of the California Business and Professions Code.

## GENERAL ALLEGATIONS

19. Defendants employed Plaintiff Adriana Naranjo from in or about September, 2013 until December, 2014. Naranjo was initially engaged by Defendant APS, a staffing company, to provide services at TWF's premises. Thereafter, Naranjo was employed directly by TWF. Plaintiff Naranjo's employment was terminated due to complaints she made regarding Defendants' violations of the Fair Labor Standards Act and California's labor laws, including their failure to provide meal and rest breaks, and pay employees for all their time worked. In addition, Plaintiff Naranjo was discriminated against in violation of California Government Code section 12940(a) due to her national origin and inability to speak English. Defendants made no accommodation for Plaintiff Naranjo and the numerous other workers employed at TWF's facility who could not speak English. Instead, TWF supervisors created a hostile work environment for these employees by screaming at them, cursing them and harassing them on a daily basis.

20. Defendants employed Plaintiff Gustavo Cruz until December, 2014. Like Plaintiff Naranjo, Cruz was initially engaged by Defendant APS, to provide services at TWF's premises. After approximately three months, Cruz was employed directly by TWF. Both Cruz and Naranjo's employment was terminated by TWF in December, 2014. Plaintiff Cruz's employment was terminated due to complaints he had made to TWF supervisors regarding the unsafe working conditions in TWF's facility and TWF's

violations of California's labor laws, including their failure to provide proper meal and rest breaks, and pay employees for all their time worked. Approximately two months before Cruz was terminated, he suffered a severe workplace injury. Defendant discriminated against Cruz for seeking medical attention for his injury and provided no accommodation to him after his injury. Plaintiff Cruz's termination was retaliatory, and resulted because of Plaintiff's workplace injury and because he made complaints to management regarding unsafe workplace conditions and unlawful treatment of employees in violation of the Fair Labor Standards Act and the California Labor Code.

21. Defendant TWF operates a foodservice and manufacturing facility in San Diego, California, where it makes sausages. According to its website, TWF products are sold at numerous retail locations, including Costco, Albertsons, Whole Foods, and other grocery outlets. TWF products are also featured at Petco Park in San Diego. Approximately 120 employees work at TWF's San Diego facility.

22. Plaintiffs and other employees were often forced to work at least ten, and often as many as fifteen, hours per day. Although Defendants knew this, Defendants failed to provide adequate meal and rest breaks. Defendants often failed to provide employees with their first meal break before the fifth hour of work. Defendants never provided a second rest break to employees, and never provided a second meal break or third rest break to Plaintiffs or any other employee, when they were required to work in excess of ten hours per day. Defendants had actual knowledge that Plaintiffs and other employees were systematically deprived of their breaks, as the company kept close track of the hours they worked by requiring employees to punch in and punch out for breaks. In addition, all employees who were working the same shift were required to take their meal breaks at the same time.

23. Plaintiffs only received a single 10 minute rest break and a thirty minute lunch break even though they generally worked 10, 12 or even fifteen hours in a day.

24. Sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11010 provide that employees in California shall

not be employed more than eight hours in any work day nor more than forty hours in any workweek without receiving additional compensation beyond their regular wages in amounts specified by law. Similarly, the FLSA provides that employees shall not be employed more than forty hours in one workweek without receiving additional compensation beyond their regular wages in amounts specified by law.

25. At all relevant times mentioned herein, section 510 of the California Labor Code provided:

(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half time the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employee to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensating to an employee working pursuant to any of the following

(1) An alternative workweek schedule adopted pursuant to Section 511.

(2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

(3) An alternative workweek schedule to which this chapter is inapplicable pursuant to Section 554.

(b) Time spent commuting to and from the first place at which an employee's presence is required by the employer shall not be considered to be a part of a day's work, when the employee commutes in a vehicle that is

owned, leased, or subsidized by the employer and is used for the purpose of ridesharing, as defined in Section 522 of the Vehicle Code.

(c) This section does not affect, change, or limit an employer's liability under the workers' compensation law.

Cal. Lab. Code §510. In regard to the employment of Plaintiffs and other employees, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 or pursuant to a collective bargaining agreement.

26. At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194.

27. At all relevant times mentioned herein, section 558 of the California Labor Code provided:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

> underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558. Defendants are the employer or other person acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California Labor Code referenced herein. In addition, section 558.1 of the California Labor Code provides:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code 558.1.

28. Sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11010, provide that an employee in California must receive a first meal period of not less than thirty minutes before working more than five hours, a second period of not less than thirty minutes before working more than ten hours per day, and rest periods of ten minutes for each four hours of work. If such breaks are not provided, then the employer must pay one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided and for each work day that a rest period is not provided.

29. At all relevant times mentioned herein, section 512 of the California Labor

Code provided in pertinent part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Lab. Code § 512.

30. At all relevant times mentioned herein, section 226.7 of the California Labor Code provided:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

31. At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

> award of costs and reasonable attorney's fees.
>
> . . . .
>
> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226. Defendants employed Plaintiffs and putative class members, but, in all cases, failed to provide them with the data required by section 226(a) of the California Labor Code. For example, the wage statements fail to state information concerning "the name and address of the legal entity that is the employer." Cal. Lab. Code § 226(a)(8). The wage statements list two entities, preventing the employee from determining who in fact is the actual employer without reference to additional documentation. All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and putative class members insofar as they were subjected to confusion and deprived of information to which they were legally entitled. As the wage statements failed to account for accrued but unpaid overtime and accrued but unpaid wages owing on account of Defendant's failure to provide proper meal breaks and requirement that employees perform off the clock work, the wage statements do not provide the an accurate statement of gross and net wages earned.

32. At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

33. Also, sections 226, 1174, and 1174.5 of the California Labor Code, as well as 8 California Code of Regulations section 11010, provide that employers must keep employee time records and must provide employees with itemized wage statements showing actual total hours worked. Defendants failed to maintain payroll records required by the California Labor Code and IWC Wage Order 1. For example, Defendants failed to record the "[t]ime records showing when the employee begins and ends each work period." Cal.Code Regs., tit. 8, § 11010 (7)(A)(3).

34. At all relevant times mentioned herein, section 226(b)-(c) of the California Labor Code provided in pertinent part:

> (b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer. The employer may take reasonable steps to ensure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.
>
> (c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may

designate the person to whom a request under this subdivision will be made.

Cal. Lab. Code § 226 (b) – (c). On March 12, 2015 Plaintiff Cruz sent a California Labor Code section 226 request to Defendant TWF requesting copies of his employment records. Defendant TWF has failed and refused to respond to this request. On May 3, 2016, Cruz and Naranjo sent a California Labor Code section 226 demand to Defendant APS, requesting copies of their employment records. Defendant APS has failed and refused to respond properly to this request.

35. At all relevant times mentioned herein, section 1198.5 of the California Labor Code provided in pertinent part:

(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b)(1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agree-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the

written request. Except as provided in paragraph (2) of subdivision (c), the employer is not required to make those personnel records or a copy thereof available at a time when the employee is actually required to render services to the employer, if the requester is the employee.

Cal. Lab. Code § 1198.5. On March 12, 2015 Cruz sent a California Labor Code section 1198.5 document request to Defendant TWF, seeking copies of his employment records. Defendant TWF has failed and refused to respond to this request.

36. Defendants' conduct of requiring additional work from Plaintiffs and Class Members in the absence of overtime pay, knowingly and intentionally failing to provide accurate itemized wage statements, failing to provide adequate meal and rest periods, and willfully failing to pay wages earned and unpaid promptly upon employees' termination or resignation violates the above-referenced provisions of California law and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices within the meaning of section 17200 et seq. of the California Business and Professions Code.

37. Section 201.3 of the California Labor Code states:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.

(B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

. . .

b)(1) Except as provided in paragraphs (2) to (5), inclusive, if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision.

(2) If an employee of a temporary services employer is assigned to work for a client on a day-to-day basis, that employee's wages are due and payable at the end of each day, regardless of when the assignment ends, if each of the following occurs:

(A) The employee reports to or assembles at the office of the temporary services employer or other location.

(B) The employee is dispatched to a client's worksite each day and returns to or reports to the office of the temporary services employer or other location upon completion of the assignment.

(C) The employee's work is not executive, administrative, or professional, as defined in the wage orders of the Industrial Welfare Commission, and is not clerical.

(3) If an employee of a temporary services employer is assigned to work for a client engaged in a trade dispute, that employee's wages are due and

payable at the end of each day, regardless of when the assignment ends.

(4) If an employee of a temporary services employer is assigned to work for a client and is discharged by the temporary services employer or leasing employer, wages are due and payable as provided in Section 201.

(5) If an employee of a temporary services employer is assigned to work for a client and quits his or her employment with the temporary services employer, wages are due and payable as provided in Section 202.

(6) If an employee of a temporary services employer is assigned to work for a client for over 90 consecutive calendar days, this section shall not apply unless the temporary services employer pays the employee weekly in compliance with paragraph (1) of subdivision (b).

(c) A temporary services employer who violates this section shall be subject to the civil penalties provided for in Section 203, and to any other penalties available at law.

(d) Nothing in this section shall be interpreted to limit any rights or remedies otherwise available under state or federal law.

Cal. Lab. Code § 201.3.

## CLASS-ACTION ALLEGATIONS

38. Plaintiffs bring the first, second, fourth, fifth, sixth and tenth claims for relief alleged below pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent a Class consisting (hereafter referred to as the "Class") of all natural persons who were issued one or more wage statements by Defendants TWF and/or APS in California, which wage statements reflect an hourly rate and/or hours worked during the period beginning four years prior to the filing of this Complaint to the date of the filing of the Motion for Class Certification (such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period"). Plaintiffs also represent a subclass of former employees who are members of the Class (the "Former Employee Subclass").

39. Defendants, as to each Plaintiff and each Class Member, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to sections 510 and 1194 of the California Labor Code. Accordingly, each Plaintiff and Class Member is entitled to payment of his or her unpaid minimum wage, liquidated damages thereon, unpaid overtime, and interest.

40. Defendants' failure to make payments within the time provided by sections 201 or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiffs and each Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages provided for by section 203 of the California Labor Code.

41. Defendants, as to Plaintiffs and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles Plaintiffs and each Class

Member to either actual damages or statutory liquidated damages, whichever is greater. Employees wage statements do not accurately state the total hours worked by employees. Furthermore, the wage statement is confusing in that it lists the names and addresses of two different entities on the wage statements, making it difficult to determine who is the legal entity that is the employer. This confusion is compounded by the fact that one of the entities, "Tarantino Wholesale Foods," is also listed as a "customer" on the wage statement which is attached hereto as Exhibit 1.

42. Defendants' failure to pay wages as provided by section 226.7 of the California Labor Code and the applicable Wage Order entitles each Class Member to payment of such earned but unpaid wages owing on account of failing to provide proper meal periods and an additional hour of pay at the employee's regular rate of compensation for each work day that the proper meal periods were not provided, as well as liquidated statutory damages.

43. Defendants illegal practice of depriving Plaintiffs and Class Members of their statutorily required rest breaks has damaged them. Defendant's failure to pay wages as provided by section 226.7 of the California Labor Code and the applicable Wage Order entitles each Class Member to payment of such earned but unpaid wages owing on account of failing to provide proper rest periods and an additional hour of pay at the employee's regular rate of compensation for each work day that the proper rest periods were not provided, as well as liquidated statutory damages.

44. Defendants practice of failing to maintain accurate payroll and time-keeping records has damaged Plaintiff and Class Members, in that they are unable to determine from the wage statements alone the actual wages to which they are legally entitled.

45. The number of Class Members is great, believed to be in excess of 100 persons, but less than 1,000, so as to make the class unmanageable. It therefore is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this

litigation. The number of Former Employee Subclass Members is believed to be in excess of 40, but fewer than 900 persons.

46. Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

47. There is a well-defined community of interest in the questions of law and fact common to the Class. The key questions are the same for each Class Member. These common questions include, but are not limited to, the following:

a. Whether TWF and/or APS failed to provide accurate itemized wage statements to each and every employee.

b. Whether TWF and/or APS failed to provide employees with proper meal periods.

c. Whether TWF and/or APS failed to provide employees with proper rest periods.

d. Whether TWF and/or APS failed to provide a one-hour wage premium in those instances when employees were not provided with a meal period.

e. Whether TWF and/or APS failed to provide a one-hour wage premium in those instances when employees were not provided with a rest period.

f. Whether TWF and/or APS failed to maintain accurate time-keeping and payroll records.

g. Whether TWF's failure to provide accurate itemized wage statements to each and every employee violates sections 226.

h. Whether TWF and/or APS failed to pay all wages in a timely fashion upon each and every employee's discharge from, or resignation of, employment in violation of sections 201 and/or 202 of the California Labor Code.

i. Whether TWF and/or APS failed to pay overtime in a timely fashion under California Labor Code section 204.

j. Whether TWF and/or APS failed to pay minimum wage under California Labor Code section 1194(a).

k. Whether TWF and/or APS failed to pay proper minimum wages and/or overtime wages under California Labor Code sections 510 and 1194.

48. There is a well-defined community of interest in the questions of law and fact common to the Class Members.

49. Plaintiffs' claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the California Labor Code and applicable Wage Order. Plaintiffs have no conflict of interest with the other Class Members and are able to represent the Class Members' interests fairly and adequately.

50. A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons. First, the persons within the Class are numerous and joinder of all of them is impractical. Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court. In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of several hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court. Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel

willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

51. The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

52. Plaintiffs seek to represent all natural persons who, at any time during the period from three years prior to the filing of this Complaint to the present, were issued one or more wage statements by Defendants TWF and/or APS in California, which wage statements reflect an hourly rate and/or hours worked. .

53. Plaintiffs are similarly situated to the Collective-Action Members in that Plaintiff and the Collective-Action Members were employed by Defendants and in that Defendants did not pay Plaintiffs and the Collective-Action Members their overtime and/or minimum wages when due.

54. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

55. All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF

(Cal. Lab. Code §§ 1194, 1194.2 and 1198 and IWC Wage Order 1,
Failure to Pay Overtime and/or Minimum Wages)
(On Behalf of Plaintiffs and Class Against TWF and APS)

56. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

57. Defendants TWF and APS, regularly required employees to clock out but remain on the premises, ready to perform work. For example, on occasion there were

machine failures that held up production. During these occasions when employees could not continue to perform their regular work, TWF supervisors would require employees to clock out while they waited for the machinery to be repaired, even though the employees were not permitted to leave the premises. Only when the machinery was repaired, employees would be required to clock back in to work. Similarly, while USDA inspections were taking place, employees were again required to clock out while inspections were conducted. Although employees were required to clock out, they were not permitted to leave the premises, pending completion of the USDA inspections. Employees were regularly made to wait on the premises for two or three hours before being required to clock back in to resume active sausage production. Plaintiffs and class members regularly worked in excess of eight hours in a day and forty hours in a week. Plaintiffs and class members should be compensated for this "off the clock" time.

58. By requiring Plaintiffs and the Class to clock out and work off the clock, Defendants TWF and APS have violated sections 510, 1194, and 1198 of the California Labor Code and IWC Wage Order 1.

59. Plaintiffs and the Class are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime and/or minimum wages, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

60. Plaintiffs and the Class are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

**SECOND CLAIM FOR RELIEF**

(Failure to Provide Accurate Itemized Wage Statements—Cal. Lab. Code § 226)

(On Behalf of Plaintiffs and Class Against TWF)

61. The paragraphs of this Complaint are re-alleged and incorporated by reference.

62. Defendant TWF failed to timely provide Plaintiffs and the other members of the Class with wage statements conforming to the requirements of section 226(a) of the

California Labor Code. For example, TWF never provided Plaintiffs and other members of the Class with a proper wage statement identifying the "the name and address of the legal entity that is the employer" as required by section 226 of the California Labor Code. This matter is quite confusing, since while two entity names appear on the wage statement, nothing on the document indicates which one is the actual employer. In addition, the wage statements routinely understated actual earnings.

63. The failure of TWF to provide proper wage statements violates section 226(a) of the California Labor Code insofar as the Class Members have not received data that accurately sets forth the information delineated in section 226(a) with respect to the "the name and address of the legal entity that is the employer." The failure to identify the name and address of the employer or other required data such as gross and net wages earned, caused Plaintiffs and other members of the putative class injury by depriving them of information to which they are legally entitled. Attached hereto as **Exhibit 1** are exemplar wage statements given to Plaintiffs.

64. Accordingly, Plaintiffs as well as members of the Class are entitled to damages in the amount of at least $50, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e).

## **THIRD CLAIM FOR RELIEF**

(Failure to Pay Overtime and/or Minimum Wage Compensation, Fair Labor Standards Act)

(On behalf of Plaintiffs and Collective Action Members Against All Defendants)

65. The paragraphs of this Complaint are re-alleged and incorporated by reference.

66. Again, at all times herein relevant, the FLSA provided:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of

> goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

67. Defendants have intentionally and improperly failed to pay Plaintiffs and Collective Action Members minimum wage and/or overtime compensation to which they are entitled.

68. During their employment with Defendants, Plaintiffs and Collective Action Members were not paid for all of their time worked.

69. Accordingly, Plaintiffs, individually, and on behalf of all others similarly situated, request payment of minimum wages and/or overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b). Attached hereto as **Exhibit 2** are Plaintiffs' FLSA Consent Forms.

**FOURTH CLAIM FOR RELIEF**

(Failure to Provide Adequate Meal Periods, Cal. Lab. Code §§ 226.7, 512 and IWC Wage Order 1)

(On Behalf of Plaintiffs and the Class Against Defendants TWF and APS)

70. The paragraphs of this Complaint are re-alleged and incorporated by reference.

71. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11010 provided that employees must receive a first meal period of not less than thirty minutes before working more than five hours per day and a second meal period of not less than thirty minutes before working more than ten hours per day.

72. Because Defendants TWF and APS failed to provide the required meal breaks to Plaintiffs and other Class Members, it is liable to them for one hour of additional pay at the regular rate of compensation for each workday that the proper meal

periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11010.

73. Plaintiffs and the Class Members also request relief as described below.

**FIFTH CLAIM FOR RELIEF**

(Failure to Provide Adequate Rest Periods, Cal. Lab. Code § 226.7, IWC Wage Order 1)

(Only on Behalf Plaintiffs and Class Members against Defendants TWF and APS)

74. The paragraphs of this Complaint are re-alleged and incorporated by reference.

75. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11010 provided that employees must receive rest periods of ten minutes for each four hours of work.

76. Because Defendants TWF and APS failed to provide the required rest breaks, it is liable to Plaintiffs and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11010, for the period of time from the three years prior to the filing of the Complaint to date.

77. Plaintiff and the Class Members also request relief as described below.

**SIXTH CLAIM FOR RELIEF**

(Continuing Wages, Cal. Lab. Code § 203)

(On behalf of Plaintiffs and Class Members against Defendants TWF and APS)

78. The paragraphs of this Complaint are re-alleged and incorporated by reference.

79. At all times herein relevant, Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation. Labor Code section 201.3 provides that a "temporary services employer" must pay wages in accordance with sections 201 and 202 of the Labor Code, and is liable for penalties in accordance with section 203 of the Labor Code.

80. Because Defendants TWF and APS have willfully failed to pay wages earned and unpaid promptly upon termination or resignation, Costco is liable for continuing wages under Labor Code section 203 for the period of time from the three years prior to the filing of the Complaint to date.

81. Plaintiffs and the Class Members also request relief as described below.

## SEVENTH CLAIM FOR RELIEF

(Failure to Provide Employment Records Upon Request Cal. Lab. Code §226)

(On Behalf of Plaintiffs individually against Defendants TWF and APS)

82. Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

83. Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

84. On or about March 12, 2015 Plaintiff Cruz requested that Defendant TWF permit inspection or copying of his employment records pursuant to Labor Code section 226(b). A true and correct copy of this letter is **Exhibit 3**. On May 3, 2016, Plaintiffs Cruz and Naranjo requested that Defendant APS permit inspection or copying of his employment records pursuant to Labor Code section 226(b). Defendants have failed to provide Plaintiffs with an adequate opportunity to inspect or copy their employment records within 21 days of the request.

85. Pursuant to Labor Code Section 226(f)-(h), Plaintiffs are entitled, and hereby seeks to recover from Defendants TWF and APS a seven-hundred-fifty dollar ($750) penalty, reasonable attorneys' fees, and the costs of bringing this cause of action.

## EIGHTH CLAIM FOR RELIEF

(Failure to Provide Employment Records Upon Request Cal. Lab. Code §1198.5)

(On Behalf of Plaintiff Cruz individually against Defendant TWF)

86. Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

87. Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

88. On or about March 12, 2015 Plaintiff Cruz requested that Defendant TWF permit inspection or copying of his employment records pursuant to Labor Code section 1198.5. A true and correct copy of this letter is **Exhibit 4**. Defendant has failed to provide Plaintiff with an opportunity to inspect or copy his employment records within 30 days of the request. Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendants TWF a seven-hundred-fifty dollar ($750) penalty, reasonable attorneys' fees, and the costs of bringing this cause of action.

**NINTH CLAIM FOR RELIEF**

(Cal. Lab. Code § 2802— Indemnification and Reimbursement of Expenditures)

(On Behalf of Plaintiff Gustavo Cruz individually Against Defendant TWF)

89. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

90. At all relevant times herein, California Labor Code section 2802 provided, in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
>
> (b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

91. In the discharge of his duties, Defendant TWF required Plaintiff Cruz to purchase tools and safety equipment. Plaintiff Cruz provided and maintained this equipment personally and was not reimbursed for his necessary out-of-pocket expenses.

92. Pursuant to section 2802 of the California Labor Code, Plaintiff Cruz is entitled to reimbursement of his out-of-pocket expenses from Defendant TWF, interest thereon, attorneys' fees and costs, according to proof.

**TENTH CLAIM FOR RELIEF**

(Violations of Section 17200 *et seq.* of the California Business and Professions Code)

(On behalf of Plaintiffs and Class Members against Defendants TWF and APS)

93. The paragraphs of this Complaint are re-alleged and incorporated by reference.

94. Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs allege that Defendants TWF and APS have engaged in unfair business practices in California by the above-described failure to provide rest breaks, failure to provide meal breaks, failure to pay proper overtime and minimum wage compensation and failure to furnish accurate itemized wage statements.

95. Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiffs and members of the Class.

96. Defendants have avoided payment of wages, overtime wages, meal period wages, and rest period wages and other benefits required by the California Labor Code and the applicable IWC Wage Order.

97. As a result of Defendant's unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiffs and the Class Members and members of the public. Defendants

should be made to disgorge its ill-gotten gains and to restore them to Plaintiffs and the Class Members.

98. Defendants' actions entitle Plaintiffs and Class Members to seek the remedies available under section 17200 *et seq*. Plaintiffs seek full restitution of said amounts from TWF and APS, as necessary and according to proof, to restore any and all amounts – including interest – withheld, acquired, or converted by TWF and APS by means of the unfair practices complained of herein. Plaintiffs, on behalf of themselves and other similarly situated employees, as well as on behalf of the general public, further seeks attorneys' fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiffs seek the appointment of a receiver as necessary.

99. Plaintiffs and the Class Members also request relief as described below.

## ELEVENTH CLAIM FOR RELIEF

California Labor Code § 2698 et seq. Civil Penalties

(On Behalf of Plaintiff Adriana Naranjo, the LWDA and aggrieved employees of Defendant TWF against Defendant TWF)

100. Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

101. Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately December 18, 2015 Plaintiff Naranjo gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the theories set forth in the Complaint. Also on that day, Plaintiff Naranjo gave written notice by certified mail to Peter Tarantino and TWF of the specific provisions of the Labor Code alleged to have been violated by Peter Tarantino and TWF.

102. At all relevant times herein, California Labor Code section 2699.3(a)(2)(A) provided:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699(a)(2)(A). More than thirty-three days have passed since Plaintiff gave written notice to the LWDA and Defendants Peter Tarantino and TWF of the specific provisions of the California Labor Code that have been violated. Accordingly, Plaintiff "may as a matter of right amend [the] existing [C]omplaint to add a cause of action arising under [the Labor Code Private Attorney General Act ("LCPAGA")]." Cal. Lab. Code § 2699.3(a)(2)(C). The LCPAGA establishes civil penalties for violations of the Labor Code, including the violations alleged in this Complaint.

103. Plaintiff contends that sections 201, 203, 210, 226, 510, 512, 558, 558.1, 1174, 1194, and 1197.1 of the Labor Code will enable her to recover civil penalties under the LCPAGA, as well as attorney's fees and costs, from Peter Tarantino and TWF through a civil action on behalf of herself and other aggrieved employees.

**TWELFTH CLAIM FOR RELIEF**

(Retaliation and Wrongful Termination in Violation of Public Policy—on behalf of Plaintiffs Gustavo Cruz and Adriana Naranjo individually against Defendant TWF)

104. The paragraphs of this Complaint are re-alleged and incorporated by reference.

105. Under California law, there is a fundamental and well-established public policy against retaliation for opposing unlawful activities, including, but not limited to, reporting workplace safety hazards and labor violations. This fundamental public policy is embodied in the California Constitution and California statutory law, including, but not limited to, California Labor Code section 98.6, 6310 and 1102.5. Adverse employment

actions taken by an employer in response to such activity are contrary to such public policy and are thus actionable under the common law of California.

106. At all times herein mentioned, California Government Code section 12940 was also in full force and effect and was binding on Defendant TWF. The statute requires TWF to refrain from discriminating against any employee on the basis of a disability, such as Plaintiff Cruz's disability caused from a workplace injury. Plaintiff had previously notified TWF of his disability and Plaintiff believes, and on that basis alleges that his disability was a motivating factor in TWF's retaliatory treatment and constructive termination of his employment. California Government Code section 12940 also requires TWF to refrain from discriminating against any employee on the basis of his or her national origin, including English language use restrictions. Plaintiff Naranjo and other employees who worked for TWF were wrongfully discriminated against due to their national origin and their inability to speak English. Naranjo and these employees were subjected to a hostile work environment, where their supervisors would frequently scream and curse at them. Plaintiff Naranjo was discriminated against and harassed due to her national origin, including her inability to speak English. Naranjo was also retaliated against and terminated from her employment due to complaints she made to TWF management regarding the supervisors' mistreatment of workers at the TWF facility, including their refusal to permit employees to take meal and rest breaks and their requirement that employees work off the clock.

107. As set forth above, TWF retaliated against Plaintiffs, and discriminated against Plaintiffs, by harassing and retaliating against them, and terminating their employment. In terminating Plaintiffs, TWF violated the fundamental public policies embodied in California Labor Code section 98.6, 6310 and 1102.5 and California Government Code section 12940.

108. As a proximate result of TWF's wrongful conduct, Plaintiffs have suffered and continue to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

109. As a further proximate result of Defendant TWF's wrongful conduct, Plaintiffs have suffered, and continue to suffer, humiliation, embarrassment, emotional distress, mental anguish, loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

110. In doing the acts herein alleged, Defendant TWF acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiffs, and Plaintiffs are therefore entitled to punitive damages against Defendant TWF in an amount according to proof at trial.

## **THIRTEENTH CLAIM FOR RELIEF**

(Retaliation and Wrongful termination-Disability, Cal. Gov. Code § 12940(a))

(On behalf of Plaintiff Gustavo Cruz against Defendant TWF)

111. The paragraphs of this Complaint are re-alleged and incorporated by reference.

112. At all times herein, California Government Code section 12940(a), (i), (m) and (n), was in full force and effect and was binding on Defendant TWF. This statute requires Defendant TWF to refrain from discriminating against any employee on the basis of, *inter alia*, a physical disability. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements and received a right-to-sue letter. A copy of the Right to Sue letter is attached hereto as **Exhibit 5**.

113. Plaintiff believes and on that basis alleges that his disabilities were a motivating factor in Defendant's termination of his employment.

114. As a proximate result of Defendant's willful, knowing and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

115. As a direct and proximate result of the Defendant TWF's retaliatory conduct, Plaintiff has suffered and continues to suffer, humiliation, embarrassment, emotional distress and mental anguish, loss of employment and attendant earnings and

job benefits, all in an amount to be determined according to proof at the time of trial. In doing the acts herein alleged, TWF acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages against TWF in an amount according to proof at trial.

## FOURTEENTH CLAIM FOR RELIEF

(Retaliation and Wrongful termination-National Origin, Cal. Gov. Code § 12940(a))

(On behalf of Plaintiff Adriana Naranjo against Defendant TWF)

116. The paragraphs of this Complaint are re-alleged and incorporated by reference.

117. At all times herein, California Government Code section 12940(a), (i), (m) and (n), was in full force and effect and was binding on Defendant TWF. This statute requires Defendant TWF to refrain from discriminating against any employee on the basis of, *inter alia,* national origin. Within the time provided by law, Plaintiff Naranjo filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements and received a right-to-sue letter. A copy of the Right to Sue letter is attached hereto as **Exhibit 6**.

118. Plaintiff Naranjo believes and on that basis alleges that her National Origin, including her inability to speak English was a motivating factor in TWF's harassing and discriminatory conduct, including the termination of her employment.

119. As a proximate result of TWF's willful, knowing and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

120. As a direct and proximate result of TWF's retaliatory conduct, Plaintiff has suffered and continues to suffer, humiliation, embarrassment, emotional distress and mental anguish, loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

121. In doing the acts herein alleged, TWF acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to

punitive damages against TWF in an amount according to proof at trial.

**FIFTEENTH CLAIM FOR RELIEF**

(Retaliation and Wrongful termination in Violation of Cal. Lab. Code § 1102.5)

(On behalf of Plaintiffs Gustavo Cruz and Adriana Naranjo against Defendant TWF)

122. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in this Complaint.

123. At all times herein mentioned, Cal. Lab. Code §1102.5 was in full force and effect and was binding on Defendant TWF. In pertinent part, Cal. Lab. Code §1102.5 states:

> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.
>
> . . .
>
> (f) In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

Cal. Lab. Code §§ 1102.5(b) and (f).

124. On numerous occasions during their employment, Plaintiffs reported safety and labor violations to Defendants via their immediate supervisors and upper management. Plaintiffs' reports concerned unsafe workplace conditions as well as

TWC's failure to provide meal and rest breaks to employees and other labor code violations. Plaintiffs reported these issues to Defendant TWF as they were serious issues of workplace safety, in violation of law, and state and federal regulations governing safety in the workplace. Plaintiffs believe, and on that basis allege that their reports of these issues were the motivating factor in TWF's release of the Plaintiffs from their employment. Shortly after Plaintiffs reported certain safety and labor code violations to Defendant TWF, their employment was terminated.

125. As set forth herein, Defendant TWF violated Cal. Lab. Code §1102.5(b) by retaliated against Plaintiffs and releasing them from their employment because they reported safety and labor code violations.

126. As a proximate result of TWF's wrongful conduct, Plaintiffs have suffered and continue to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

127. As a further proximate result of TWF's wrongful conduct, Plaintiff has suffered, and continued to suffer loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

**SIXTEENTH CLAIM FOR RELIEF**

(Retaliation and Wrongful termination in Violation of Cal. Lab. Code § 6310)

(On behalf of Plaintiffs Gustavo Cruz and Adriana Naranjo against Defendant TWF)

128. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in this Complaint.

129. At all times herein mentioned, Cal. Lab. Code §6310 was in full force and effect and was binding on Defendant TWF. In pertinent part, Cal. Lab. Code §6310 states:

> (a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:
>
> (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with

> reference to employee safety or health, his or her employer, or his or her representative.
>
> . . .
>
> (b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment, or has participated in an employer-employee occupational health and safety committee, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor.

Cal. Lab. Code § 6310(a) and (b).

130. On multiple occasions during his employment, Plaintiffs reported safety and Labor Code violations to Defendants via their immediate supervisors and upper management. Plaintiffs reported these issues to Defendants as they were serious issues of workplace safety, in violation of law, and state and federal regulations governing safety in the workplace. Plaintiffs believe, and on that basis allege that their reports of these issues were the motivating factor in TWC's release of the Plaintiffs from their employment. Shortly after Plaintiffs reported certain safety and labor code violations to Defendants, their employment was terminated.

131. As set forth herein, Defendant TWF violated Cal. Lab. Code § 6310 by

retaliating against Plaintiffs and releasing them from their employment because they reported safety and labor code violations.

132. As a proximate result of TWF's wrongful conduct, Plaintiffs have suffered and continue to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for judgment as follows:

1. That the Court certify both the Class and Subclass described in this Complaint.

2. That the Court certify the Collective Action described in this Complaint.

3. With respect to the first cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for unpaid overtime, minimum wages, interest thereon, reasonable attorney's fees, and costs, all according to proof, for the period of time from four years prior to the filing of the Complaint to date.

4. With respect to the second cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the Complaint to date.

5. That, with respect to the third cause of action, Plaintiffs and Collective Action Members be awarded their unpaid minimum wage and/or overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against all Defendants.

6. That, with respect to the fourth cause of action, Plaintiffs and Class Members be awarded an additional hour of pay for each workday for which a proper meal period was not properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code sections 226.7 and 512.

7. That, with respect to the fifth cause of action, Plaintiffs and Class Members be awarded an additional hour of pay for each workday for which a rest period was not

properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7.

8. That, with respect to the sixth cause of action, Plaintiffs and Class Members be awarded thirty days continuing wages pursuant to California Labor Code section 203.

9. That, with respect to the seventh cause of action, it be adjudged that Plaintiffs be awarded the statutory penalties provided by Labor Code section 226(b) in the amount of $750 and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendants.

10. That, with respect to the eighth cause of action, it be adjudged that Plaintiff Cruz be awarded the statutory penalties provided by Labor Code section 1198.5 in the amount of $750 and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1198.5, against Defendant TWF.

11. That, under the ninth cause of action, it be adjudged Plaintiff Cruz be awarded reimbursement of his expenses and interest, and attorneys' fees and costs, according to proof, pursuant to section 2802 of the California Labor Code, against Defendant TWF.

12. That, under the tenth cause of action, Defendants be ordered to pay restitution of sums to Plaintiffs and Class Members withheld in violation of section 17200 *et seq.*, of the California Business and Professions Code in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint to date.

13. That, under the eleventh cause of action, that judgment be entered in favor of Plaintiff Naranjo and other aggrieved employees and an award of civil penalties, attorney's fees and costs of suit be made, all according to proof, pursuant to section 2699(g) of the California Labor Code.

14. That, under the twelfth cause of action, Plaintiffs be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

15. That, under the thirteenth cause of action, Plaintiff Cruz be awarded

damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

16. That, under the fourteenth cause of action, Plaintiff Naranjo be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

17. With respect to the fifteenth cause of action, that the Court award Plaintiffs damages, civil penalties in the amount of $10,000, and attorney's fees and costs, according to proof, pursuant to law against Defendant TWF.

18. That, under the sixteenth cause of action, Plaintiffs be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

19. For such other and further relief as this Court may deem fit and proper, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the Labor Code, as well as pursuant to section 1021.5 of the Code of Civil Procedure.

Plaintiffs request a trial by jury as to all claims for relief.

DATED: June 30, 2016

HARRIS & RUBLE

/s/ Alan Harris

Alan Harris
Priya Mohan
Rebecca Lee
*Attorneys for Plaintiffs*

**INDEX TO EXHIBITS**

| | |
|---|---|
| Exhibit 1 | Plaintiffs' Wage Statements |
| Exhibit 2 | Plaintiffs' FLSA Consent Forms |
| Exhibit 3 | Plaintiff Cruz Cal. Lab. Code § 226 Request for Records |
| Exhibit 4 | Plaintiff Cruz Cal. Lab. Code § 1198.5 Request for Records |
| Exhibit 5 | Plaintiff Cruz DFEH Right to Sue Letter |
| Exhibit 6 | Plaintiff Naranjo DFEH Right to Sue Letter |

# Exhibit 1

*BARRETT BUSINESS SERVICES, INC. (EIN: 52-0812977)* *10590 West Ocean Air Drive, Suite 150*

EMPLOYEE: XXX-XX-0040 GUSTAVO E CRUZ
STATUS : SINGLE DEPENDENTS: 3 CHECK: 1408633
PYMT DATE : 11/07/2014 PERIOD: 10/26/14 - 11/01/14
CUSTOMER: 902724 TARANTINO WHOLESALE FOODS

| CUSTOMER | HRS/WRKD | HRS/UNITS | RATE | PAY | |
|---|---|---|---|---|---|
| 902724 | 40.00 | 40.00 | 12.5000 | 500.00 | REGULAR |
| 902724 | 0.67 | 0.67 | 25.0000 | 16.75 | DOUBLETI |
| 902724 | 14.15 | 14.15 | 18.7500 | 265.31 | OVERTIME |

| CURRENT | YEAR | | YTD TAXABLE |
|---|---|---|---|
| 782.06 | 21308.59 | TOTAL PAY | |
| 67.91 | 1516.57 | FEDERAL | 21308.59 |
| 11.34 | 308.97 | MEDICARE | 21308.59 |
| 48.49 | 1321.13 | SOC SECU | 21308.59 |
| 18.72 | 320.42 | CA INCOM | 21308.59 |
| 7.82 | 213.07 | CA DISAB | 21308.59 |
| 93.46 | 2721.22 | G502 | |
| 1.50 | 45.00 | GARNISH | |
| 532.82 | 14862.21 | NET PAY | |

***Remember:** You must contact Barrett immediately whenever your employment status changes.*
**TARANTINO WHOLESALE FOODS 2707 BOSTON AVE SAN DIEGO CA 92113**
*Please notify your local branch with any name, address, or tax changes that you may have.*
M0083

*BARRETT BUSINESS SERVICES, INC. (EIN: 52-0812977)* *10590 West Ocean Air Drive, Suite 150*

EMPLOYEE: XXX-XX-0040 GUSTAVO E CRUZ
STATUS : SINGLE DEPENDENTS: 3 CHECK: 1451698
PYMT DATE : 11/21/2014 PERIOD: 11/09/14 - 11/15/14
CUSTOMER: 902724 TARANTINO WHOLESALE FOODS

| CUSTOMER | HRS/WRKD | HRS/UNITS | RATE | PAY | |
|---|---|---|---|---|---|
| 902724 | 39.55 | 39.55 | 12.5000 | 494.38 | REGULAR |
| 902724 | 10.42 | 10.42 | 18.7500 | 195.38 | OVERTIME |

| CURRENT | YEAR | | YTD TAXABLE |
|---|---|---|---|
| 689.76 | 22879.54 | TOTAL PAY | |
| 54.06 | 1653.41 | FEDERAL | 22879.54 |
| 10.00 | 331.75 | MEDICARE | 22879.54 |
| 42.76 | 1418.53 | SOC SECU | 22879.54 |
| 12.63 | 359.38 | CA INCOM | 22879.54 |
| 6.90 | 228.78 | CA DISAB | 22879.54 |
| 93.46 | 2908.14 | G502 | |
| 1.50 | 48.00 | GARNISH | |
| 468.45 | 15931.55 | NET PAY | |

***Remember:** You must contact Barrett immediately whenever your employment status changes.*
**TARANTINO WHOLESALE FOODS 2707 BOSTON AVE SAN DIEGO CA 92113**
*Please notify your local branch with any name, address, or tax changes that you may have.*
M0085

*BARRETT BUSINESS SERVICES, INC. (EIN: 52-0812977)* *10590 West Ocean Air Drive, Suite 150*

EMPLOYEE: XXX-XX-0040 GUSTAVO E CRUZ
STATUS : SINGLE DEPENDENTS: 3 CHECK: 1504802
PYMT DATE : 12/09/2014 PERIOD: 11/30/14 - 12/06/14
CUSTOMER: 902724 TARANTINO WHOLESALE FOODS

| CUSTOMER | HRS/WRKD | HRS/UNITS | RATE | PAY | |
|---|---|---|---|---|---|
| 902724 | 33.72 | 33.72 | 12.5000 | 421.50 | REGULAR |
| 902724 | 13.83 | 13.83 | 18.7500 | 259.31 | OVERTIME |
| 902724 | 5.67 | 5.67 | 25.0000 | 141.75 | DOUBLETI |

| CURRENT | YEAR | | YTD TAXABLE |
|---|---|---|---|
| 822.56 | 25604.10 | TOTAL PAY | |
| 73.98 | 1921.64 | FEDERAL | 25604.10 |
| 11.93 | 371.26 | MEDICARE | 25604.10 |
| 50.99 | 1587.46 | SOC SECU | 25604.10 |
| 21.39 | 446.10 | CA INCOM | 25604.10 |
| 8.23 | 256.03 | CA DISAB | 25604.10 |
| 93.46 | 3198.52 | G502 | |
| 1.50 | 52.50 | GARNISH | |
| 561.08 | 17780.60 | NET PAY | |

***Remember:** You must contact Barrett immediately whenever your employment status changes.*
**TARANTINO WHOLESALE FOODS 2707 BOSTON AVE SAN DIEGO CA 92113**
*Please notify your local branch with any name, address, or tax changes that you may have.*
M0087

BARRETT BUSINESS SERVICES, INC. (EIN: 52-0812977)

10590 West Ocean Air Drive, Suite 150

EMPLOYEE: XXX-XX-8245 ADRIANA MARCELA NARANJO VELAZQUEZ
STATUS : SINGLE DEPENDENTS: 2 CHECK: 2356031
PYMT DATE : 11/21/2014 PERIOD: 11/09/14 - 11/15/14
CUSTOMER: 902724 TARANTINO WHOLESALE FOODS

| CUSTOMER | HRS/WRKD | HRS/UNITS | RATE | PAY | |
|---|---|---|---|---|---|
| 902724 | 40.00 | 40.00 | 9.0000 | 360.00 | REGULAR |
| 902724 | 1.40 | 1.40 | 18.0000 | 25.20 | DOUBLETI |
| 902724 | 14.85 | 14.85 | 13.5000 | 200.48 | OVERTIME |

| CURRENT | YEAR | | YTD TAXABLE |
|---|---|---|---|
| 585.68 | 16062.54 | TOTAL PAY | |
| 49.85 | 991.10 | FEDERAL | 16062.54 |
| 8.50 | 232.91 | MEDICARE | 16062.54 |
| 36.31 | 995.88 | SOC SECU | 16062.54 |
| 8.77 | 97.41 | CA INCOM | 16062.54 |
| 5.86 | 160.61 | CA DISAB | 16062.54 |
| 476.39 | 13584.63 | NET PAY | |
| 476.39 | BANK OF AMERICA N.A. | | XXXXXXXX28036 |

**TARANTINO WHOLESALE FOODS 2707 BOSTON AVE SAN DIEGO CA 92113**

***Remember: You must contact Barrett immediately whenever your employment status changes.***

BBSI
10590 West Ocean Air Drive, Suite 150
San Diego, CA 92130 • 858-314-1100

*Deposit Information*
V#008538

ADRIANA MARCELA NARANJO VELAZQUEZ 71
2025 DAIRY MART RD
UNIT 7
SAN YSIDRO CA 92173

** THIS IS NOT A CHECK **

10590 West Ocean Air Drive, Suite 150

BARRETT BUSINESS SERVICES, INC. (EIN: 52-0812977)

EMPLOYEE: XXX-XX-8245 ADRIANA MARCELA NARANJO VELAZQUEZ
STATUS : SINGLE DEPENDENTS: 2 CHECK: 2391357
PYMT DATE : 11/28/2014 PERIOD: 11/16/14 - 11/22/14
CUSTOMER: 902724 TARANTINO WHOLESALE FOODS

| CUSTOMER | HRS/WRKD | HRS/UNITS | RATE | PAY | |
|---|---|---|---|---|---|
| 902724 | 40.00 | 40.00 | 9.0000 | 360.00 | REGULAR |
| 902724 | 2.40 | 2.40 | 18.0000 | 43.20 | DOUBLETI |
| 902724 | 7.58 | 7.58 | 13.5000 | 102.33 | OVERTIME |

| CURRENT | YEAR | | YTD TAXABLE |
|---|---|---|---|
| 505.53 | 16568.07 | TOTAL PAY | 16568.07 |
| 37.82 | 1028.92 | FEDERAL | 16568.07 |
| 7.33 | 240.24 | MEDICARE | 16568.07 |
| 31.34 | 1027.22 | SOC SECU | 16568.07 |
| 5.24 | 102.65 | CA INCOM | 16568.07 |
| 5.06 | 165.67 | CA DISAB | |
| 418.74 | 14003.37 | NET PAY | |
| 418.74 | BANK OF AMERICA N.A. | | XXXXXXXX28036 |

TARANTINO WHOLESALE FOODS 2707 BOSTON AVE SAN DIEGO CA 92113

***Remember: You must contact Barrett immediately whenever your employment status changes.***

97 SAN DIEGO - D0979017

BBSI
10590 West Ocean Air Drive, Suite 150
San Diego, CA 92130 * 858-314-1100

*Deposit Information*
V#008626

ADRIANA MARCELA NARANJO VELAZQUEZ 71
2025 DAIRY MART RD
UNIT 7
SAN YSIDRO CA 92173

** THIS IS NOT A CHECK **

# Exhibit 2

**FLSA CONSENT FORM**

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

3/9/15
Date

Gustavo Cruz
Print Name

Signature

# FORMA DEL CONSENTIMIENTO DE FLSA

Conforme a las provisiones de 29 U.S.C. el § 216 (b), los estándares de trabajo justos actúa, yo consiente por este medio ser un demandante del partido a esta acción.

12/07/15
Fecha

Adriana M. Naranjo V.
Nombre de impresión

Adriana M. Naranjo V.
Firma

# Exhibit 3

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

4771 CROMWELL AVENUE.
LOS ANGELES, CA 90027
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

**NORTHERN CALIFORNIA OFFICE:**

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 415.388.8788
FAX: 415.388.8770

ALAN HARRIS
MARCELLA RUBLE*

PRIYA MOHAN**
DAVID GARRETT**
REBECCA LEE**

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA ONLY


March 12, 2015

Tarantino Wholesale Food Distributor
Producers Meat and Provision Inc.
Attn: Registered Agent, Peter Tarantino
2707 Boston Ave
San Diego, CA 92113-3707

Re: Producers Meat and Provision, Inc. – Request for Cal. Lab. Code sec. 226 Records for **Gustavo Cruz**

To Producers Meat and Provision, Inc.:

Pursuant to section 226 of the California Labor Code and the applicable regulation, as adopted by the Industrial Welfare Commission, it is requested that you promptly furnish to this firm "the records pertaining to" the employee, **Gustavo Cruz** including the following concerning our client: (1) The itemized statements referred to in section 226(a) of the California Labor Code; (2) The statement of total hours worked; (3) All deductions taken from gross pay; (4) Net wages earned; (5) The name and address of the legal entity who or which is the employer; (6) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and (7) "time records showing when the employee begins and ends each work period [including] [m]eal periods, split shift intervals and total daily hours worked." Please provide the documents directly to my office:

Harris & Ruble
Attn: Alan Harris
4771 Cromwell Avenue
Los Angeles, California 90027
323-962-3777 tel; 323-962-3004 fax

Very truly yours,

Alan Harris

# Exhibit 4

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

4771 CROMWELL AVE.
LOS ANGELES, CA 90027
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

**NORTHERN CALIFORNIA OFFICE:**

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 415.388.8788
FAX: 415.388.8770

ALAN HARRIS
MARCELLA RUBLE*

PRIYA MOHAN **
DAVID GARRETT**
REBECCA LEE**

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA ONLY


March 12, 2015

Tarantino Wholesale Food Distributor
Producers Meat and Provision Inc.
Attn: Registered Agent, Peter Tarantino
2707 Boston Ave
San Diego, CA 92113-3707

Re: Gustavo Cruz

To Producers Meat and Provision Inc:

We represent Gustavo Cruz. This letter constitutes his demand, pursuant to section 1198.5 of the California Labor Code, for his personnel file, including without limitation his Sign-In Sheets and Group Timecards, as well as any other documents Tarantino Wholesale Food Distributor / Producers Meat and Provision Inc. maintains regarding his performance or any grievance concerning the employee.

Very truly yours,

Alan Harris

# Exhibit 5

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 05, 2015

Gustavo Cruz
C/o Harris And Ruble, 655 North Central Ave., 17th Fl.
Glendale California 91203

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 27543 186442
Right to Sue: Cruz / Tarantino Wholesale Foods

Dear Gustavo Cruz,

This letter informs you that the above referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 05, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc: Barrett Business Services, Inc.

COMPLAINT OF EMPLOYMENT DISCRIMINATION

BEFORE THE STATE OF CALIFORNIA

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Under the California Fair Employment and Housing Act

(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Gustavo Cruz, Complainant.
C/o Harris And Ruble, 655 North Central Ave.,
17th Fl.
Glendale California 91203

DFEH No. 27543 186442

vs.

Tarantino Wholesale Foods, Respondent.
2707 Boston Ave
San Diego, California 92113

Complainant alleges:

1. Respondent Tarantino Wholesale Foods is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around January 08, 2014, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Forced to quit, Terminated, . Complainant believes respondent committed these actions because of their: Disability, Other Medical Condition, Disability, and because I notified my employer regarding unsafe conditions in the workplace..

3. Complainant Gustavo Cruz resides in the City of Glendale, State of California. If complaint includes co respondents please see below.



Date Filed: October 05, 2015

Co-Respondents:

Barrett Business Services, Inc.

2710 Gateway Oaks Dr., Ste. 150N
Sacramento California 95833

Additional Complaint Details:

Gustavo Cruz (Cruz) is a former employer of Tarantino Wholesale Foods and Barrett Business Services, Inc. (collectively Tarantino Wholesale Foods) Cruz was employed by these entities until on or about December 10, 2014 when his employment was terminated. Cruz believes, and on that basis alleges that he was wrongfully discriminated against and terminated from his employment due to his medical conditions and temporary disability. Cruz suffered physical injuries at work on or about October 6, 2014 to his hand. Cruz consulted with a physician. Cruz was told by the physician that he was subject to a modified work restriction. Cruz informed his supervisors, including but not limited to Cosimo Tarantino, Robert White, Peter Tarantino Jr., Mark Tarantino, and Rene Bermudes of his injury and of his modified work restriction. Tarantino Wholesale Foods, Barrett Business Services, Inc. and Cruzs managers did not accommodate his injury. Instead, Cruz was subject to retaliation as a result of his injuries. Cruz believes, and on that basis alleges, that his medical conditions and disabilities were motivating factors in Tarantino Wholesale Foods retaliatory conduct and constructive termination of his employment. Cruz was also retaliated against for notifying Tarantino Wholesale Foods and his supervisors of unsafe conditions in the workplace and the lack of necessary equipment employees required to perform their work safely in compliance with OSHA and other safety regulations. Tarantino Wholesale Foods retaliation and constructive termination of Cruzs employment was neither job-related nor justified by other reasonable factors. Cruz was also subjected to retaliatory conduct by his direct supervisors Cosimo Tarantino, Robert White, Peter Tarantino Jr., Mark Tarantino, and Rene Bermudes. Cruz believes, and on that basis alleges that the harassment and retaliatory conduct he received was motivated by his medical conditions and disabilities. On several occasions, Cruz reported his mistreatment to Tarantino Wholesale Foods. However, Tarantino Wholesale Foods did not stop the harassment and retaliatory conduct and did not provide an accommodation to Cruz for his injury. As a result of the discriminatory conduct of Tarantino Wholesale Foods and the harassment and retaliatory conduct he has suffered, Cruz has suffered injury, including loss of earnings and the inability to engage in his usual activities.

VERIFICATION

I, Priya Mohan, am the Attorney for Complainant in the above entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On October 05, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Los Angeles, California
Priya Mohan

# Exhibit 6

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 17, 2015

Adriana Naranjo
655 North Central Ave. 17th Fl C o Harris And Ruble
Glendale, California 91203

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 726028 200094
Right to Sue: Naranjo /

Dear Adriana Naranjo,

This letter informs you that the above referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 17, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Under the California Fair Employment and Housing Act

(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Adriana Naranjo, Complainant.
655 North Central Ave. 17th Fl C o Harris And
Ruble
Glendale, California 91203

DFEH No. 726028 200094

vs.

, Respondent.

,

Complainant alleges:

1. Respondent is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around December 24, 2014, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Denied a work environment free of discrimination and/or retaliation, Terminated, . Complainant believes respondent committed these actions because of their: National Origin including language use restrictions, Other Because I notified my employer regarding improper work conditions.

3. Complainant Adriana Naranjo resides in the City of Glendale, State of California. If complaint includes co respondents please see below.

Additional Complaint Details:

Adriana Naranjo (Complainant) is a former employer of Tarantino Wholesale Foods, Automation Personnel Services, Inc. and Barrett Business Services, Inc. (collectively Tarantino). Complainant was employed until on or about December 24, 2014 when her employment was terminated. Complainant believes, and on that basis alleges that she and other employees who worked at the Tarantino location were wrongfully discriminated against due to their national origin and their inability to speak English. The employees were mistreated by their supervisors who would frequently scream and curse at them. Complainant alleges that she was terminated from her employment due to her national origin, including her inability to speak English, and due to the complaints she made to Tarantino management regarding the mistreatment by the supervisors of the employees, including their failure to provide the rest and meal breaks required by law and Tarantinos failure to pay employees for all of the hours that they worked. Tarantinos discrimination, retaliation and constructive termination of Complainants employment was neither job-related nor justified by other reasonable factors. Although Complainant reported incidents of mistreatment to Tarantino, they did not stop the harassment, discrimination and retaliatory conduct. As a result of the discriminatory and retaliatiory conduct of Tarantino Wholesale Foods, Complainant has suffered injury, including loss of earnings..

VERIFICATION

I, Priya Mohan, am the Attorney for Complainant in the above entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 17, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Los Angeles California
Priya Mohan